STATE ex rel. HEINZE, Relator, v. DISTRICT COURT OF SECOND JUDICIAL DISTRICT et al., ReSPONDENTS.

(No. 2,164.)

(Submitted February 10, 1905.  Decided May 1, 1905.)

*Prohibition—Office of Writ—Control of Judicial Action.*

Prohibition—When It will not Lie to Control Judicial Action.
  1.  The supreme court will not by prohibition restrain the district court from entertaining and determining a motion to strike an answer from the files and enter judgment by default, under Code of Civil Procedure, section 3306, authorizing such action where a party refuses to be sworn or to answer as a witness, or to subscribe an affidavit or deposition when so required, on the ground that such section is unconstitutional, although the district court may have erroneously decided to uphold the constitutionality of the section, and may, in consequence, eventually make an order which will be in excess of its jurisdiction.

Written Opinions of District Courts—How Viewed by Supreme Court.
  2.  A written opinion of the district court upon matters and points in controversy in an original application to the supreme court, for a writ of prohibition to restrain that court from acting upon a motion pending before it, submitted in brief of counsel, not being properly before the court, will not be looked to for the purpose of ascertaining the intention of the inferior tribunal in the premises.

District Courts—Jurisdiction—Mistaken Exercise—Prohibition.
  3.  If the district court has jurisdiction of the subject matter in controversy, a mistaken exercise of that jurisdiction or of its acknowledged powers will not justify a resort to the extraordinary remedy of prohibition.  "It is within its jurisdiction to dispose of the matter rightly or wrongly."

Supreme Court—Prohibition.
   4.   The supreme court will not grant the writ of prohibition, or any writ, if not properly invocable, even though no objection be made by counsel to the exercise of its extraordinary power in the premises.

Notaries Public—Contempt—Power of District Court to Punish.
   5.   *Quaere:* Under Code of Civil Procedure, section 3306, may the district court lawfully find a person in contempt for refusing to obey an order of a notary public when cited to appear before such officer and give his deposition for use in a cause pending in the district court?

ORIGINAL application for writ of prohibition by the state, on the relation of F. Augustus Heinze, against the district court of the second judicial district, in and for the county of Silver Bow, and George M. Bourquin, a judge thereof.   Dismissed. Mr. Justice Holloway dissents.

*Mr. M. S. Gunn, Mr. J. M. Denny* and *Mr. Charles R. Leonard,* for Relator.

*Mr. A. J. Shores, Mr. C. F. Kelley* and *Messrs. Forbis & Evans,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the court.

This matter is before us on application for a writ of prohibition upon the relation of F. Augustus Heinze. The petitioner complains that the district court of the second judicial district is about to strike his answer from the files of a certain cause pending in said court, wherein the Boston and Montana Consolidated Copper and Silver Mining Company, plaintiff, sues him for a large sum of money. It appears from the petition and from the answer of the respondent court and judge that the plaintiff caused a certain notary public to issue a subpoena *duces tecum* addressed to the relator herein, directing him to appear before him, the said notary, in order that his deposition might be taken at the request and upon the demand of the plaintiff. It appears that the witness, when his deposition was taken, refused to answer certain questions, and thereafter failed and refused to sign the deposition, whereupon the attorneys for plaintiff appeared in the district court and moved

that the answer of the defendant in the cause then pending, the relator herein, be stricken from the files, and that plaintiff have judgment for the amount demanded in its complaint.

The relator, in his application for the writ, declares that he was required to appear and show cause why the motion should not be granted, and that thereupon he appeared and objected to the jurisdiction of the court to hear the motion or grant the relief therein demanded; "that the said court and the judge thereof threatens to, and will, unless restrained and prohibited by this honorable court, proceed to hear and determine said motion and application, and, if it is found that the statements and allegations in said motion of plaintiff contained are true, will strike the answer of your petitioner from the files, whereupon judgment will be rendered against him for the amount demanded in the complaint." He adds that execution would immediately issue against the defendant.

The provisions of section 3306 (of Title III, relating to "Production of Evidence" and of Chapter II relating to "Means of Production") of the Code of Civil Procedure are invoked by the attorneys for the plaintiff in support of the motion to strike the answer from the files. That section is as follows: "Disobedience to a subpoena, or a refusal to be sworn, or to answer as a witness, or to subscribe an affidavit or deposition when required, may be punished as a contempt by the court or officer issuing the subpoena or requiring the witness to be sworn; and if the witness be a party, his complaint or answer may be stricken out." The court and the judge in the return admit the allegations set forth in the petition, "except the statement contained in the sixth paragraph of the petition, reading: '* * * And, if it is found that the statements and allegations in said motion of plaintiff contained are true, will strike the answer of your petitioner from the files, whereupon judgment will be rendered against him for the amount demanded in the complaint.' " In reference to this allegation the answer states that, unless restrained, the court will proceed with the hearing of said motion, "and will make such order thereon as

in its opinion will be proper under the facts and the law applicable thereto, granting the relief asked for by the plaintiff if the law and the facts require such order, and will hold that the court has power to strike out the answer under section 3306 of the Code of Civil Procedure in a proper case"; and there is an admission in the answer that the court overruled an objection to its jurisdiction—Article V of Amendments to the Constitution of the United States and section 27, Article III, of the Montana Constitution being cited by the objectors to support the contention that the statute is invalid.

The question submitted for determination is this: Is section 3306 of the Code of Civil Procedure constitutional? May the court lawfully, in the case of plaintiff against the defendant, find that the witness is in contempt in refusing to obey the order of a notary public? The answer to this question is of very great importance, but may not be given in this proceeding.

Reading the definition of the writ of prohibition in section 1980 of the Code of Civil Procedure, we find that this court may arrest the proceedings of a district court when such proceedings are without, or in excess of, the jurisdiction of that tribunal. Any citizen may make any motion he may see fit to make, if he do it in a respectful way, in the district court, and it should proceed to hear and determine that motion; that is, dispose of it as the law may require, and either grant or refuse it. If what is asked is without, or in excess of, the jurisdiction of the court, it will deny the motion; if not, it will grant it in whole or in part, or deny it. The motion pending in the court below is to strike the answer from the files and enter judgment in default of answer. The court is now entertaining this motion, and will, unless prohibited by us, decide it. This it is its plain duty to do, and neither the court nor the judge may be prohibited from hearing and passing upon any motion which may arise in any matter pending in the court. If what is asked for in the motion should be granted, and the court should, because of the law being unconstitutional,

do something that it has no authority to do, then the defendant will have his remedy. What that remedy may be, of course should not at this time be indicated. There is no wrong without a remedy, and if the court should err in its decision there is a speedy and adequate remedy.

The language in which the respondent court and judge have couched the denials of the allegations of the petition as to what the court is doing and is about to do is not as explicit as it might be. Still, we interpret the words of the denials to mean that the court has not any present intention to strike the answer and render and have entered the judgment prayed for in the motion pending before it, but that, although it at present believes the statute to be constitutional, and conferring power and authority upon it to do as prayed, it will examine into all the facts and circumstances, and then, under the law as it shall then appear, do and determine as to it seems necessary and lawful in the premises. This we should not prohibit it from doing.

Although a written opinion of the court upon the matters and points has been submitted to us in the brief of counsel for respondents, it is not in any sense properly before the court, and we have not looked to it for the purpose of learning what is the intention of the lower court.

The court does not in its answer admit what the petitioner alleges—that is, that it is going to strike the answer from the files and enter the judgment prayed for. It says that it is going to hear and determine the motion, and do whatever the law requires to be done. This the court should do. It is true that the answer states that the court will hold that it has power to strike out the answer under the said section. If this is intended to convey the idea that the court below believes that the section is constitutional, still it does not necessarily follow that in this particular case, under the facts and circumstances thereof, the court intends to and will grant the motion complained of.

As we have said, the judge of the district court admits that objection was made to the jurisdiction of the court on the ground that the section referred to was invalid, both under the federal and state Constitutions, in that it deprived the defendant of due process of law, and that the court overruled the objection.    This, of course, was tantamount to holding the statute to be valid and constitutional.    We are inclined to the belief that the court was wrong in so deciding; but it has not yet passed upon the motion to strike the answer and to enter judgment for plaintiff.    It must pass upon the motion.    May we, on petition for a writ of prohibition, order the court to deny the motion and go on with the suit?    We think not. Shall we grant the writ, which amounts to the same thing as ordering it to overrule the motion?    We think not.    It is within its jurisdiction to dispose of the motion rightly or wrongly.    In this matter the court below, and none other, can have jurisdiction to pass upon the motion made, which motion was made under the statute.    If the inferior court has jurisdiction of the subject matter in controversy, a mistaken exercise of that jurisdiction or of its acknowledged powers will not justify a resort to the extraordinary remedy by prohibition. (High on Extraordinary Legal Remedies, sec. 767.)

The point that prohibition may not be properly invoked at this stage of the proceedings, if at all, was suggested to counsel at the hearing, but they did not think it necessary to discuss the question.    Evidently, to the same degree that petitioner desired the section 3306 declared invalid, to such an extent also the respondents wished to have it decided valid, and both sides apparently wished the serious question as to the section of the Code decided herein.    But if we have no authority under the law to grant the writ prayed for, or any writ, under the present circumstances, we shall not do so, even if no objection has been made to our authority.    Although we know that the court below is considering what it will do in a matter in which, under a possible state of facts appearing on the hearing, it may, acting under its present belief that the statute is consti-

tutional, finally make an order which it will be beyond its lawful power to make if the section of the Code relied upon be invalid, still we do not think that under such circumstances the court is now without, or in excess of, its jurisdiction.

Under the allegations of the petition and the denials contained in the answer it is apparent, when we consider the definition of the writ of prohibition and when it will lie, that it is not properly invocable in this case. The alternative writ herein is dissolved, and the proceedings dismissed.

*Dismissed.*

Mr. Chief Justice Brantly concurs.

Mr. Justice Holloway: I dissent. The answer of the district court admits that that court has acted in considering the motion to strike the answer and affidavits in support thereof; has issued an order to show cause why such motion to strike should not be granted, and, upon objection made that the court had no jurisdiction to determine such motion or strike out such answer, that court has heard argument thereon and has overruled such objection; and, further, after such consideration that court now declares that it "will hold that the court has power to strike out the answer under section 3306 of the Code of Civil Procedure in a proper case." These admissions show that the court has proceeded in this matter relative to the motion to strike, was proceeding therein at the time the alternative writ herein was issued, and, notwithstanding the denials of certain allegations of paragraph 6 of relator's petition herein, when we consider that the facts are not in controversy, and that the law applicable has already been determined by the district court, and held to be constitutional, and applicable to such a motion to strike, it becomes apparent, so far as this record discloses the purpose of that court, that such court will, unless restrained, further proceed, and will strike out the relator's answer.

Section 1980 of the Code of Civil Procedure provides that the writ of prohibition arrests the proceedings of any tribunal exercising judicial functions when such proceedings are with-

out or in excess of the jurisdiction of such tribunal.   Certainly the tribunal (district court) was proceeding, and, if it reached the correct conclusion in holding section 3306, above, constitutional, that court was, at the time this application was made, proceeding within jurisdiction; if it erred, and if in fact that section is unconstitutional, then all proceedings taken by the court under that section are *coram non judice,* and prohibition ought to lie, as the case is then brought squarely within the provisions of section 1980, above, defining the purpose and extent of the writ of prohibition.   So far as the motion to strike out relator's answer in the lower court is concerned, there is no contention whatever that the proceedings had in that matter were taken under any other authority than section 3306, above; and to hold that the district court can properly proceed in the hearing and determination of the motion to strike is for this court in effect to hold that section constitutional, though not doing so in terms.

If it be said that this application is prematurely made, for the reason that the court has not yet acted to relator's injury, a curious condition is presented; for, after the lower court has acted, and has stricken the answer of relator from the files, it would hardly be contended that prohibition will then lie to restrain the court from doing what it has already done.   So that an application made before the court acts on the motion is premature, and one made after the court acts is too late.

In *State ex rel. Anaconda Co.* v. *District Court,* 30 Mont. 529, 77 Pac. 312, the district judge had merely indicated his intention to proceed and preside at the trial and try a cause after a disqualifying affidavit had been filed, and, upon application of the party filing the disqualifying affidavit this court issued an alternative writ of prohibition, and upon the final hearing determined the constitutionality of the statute under which such disqualifying affidavit was filed, and by peremptory writ prohibited the district judge from proceeding further in the matter.   Certainly in that instance the mere announced determination of the district judge to preside at the trial of

that cause could not, of itself, injure anyone, but the relief was granted to prevent the injury which it was claimed would result.

As said above, if the statute (section 3306) is unconstitutional, then the district court was without jurisdiction; if the statute is constitutional, the court was acting within jurisdiction; and therefore it seems to me incumbent upon this court to determine the only question which was argued and submitted for determination, namely: Is section 3306 constitutional? It seems to me that this question should be determined on its merits, and this proceeding not dismissed upon a purely technical question of practice, and one suggested by this court itself, and not argued or considered by counsel for either party. It seems to me that, if prohibition is not the proper remedy in this instance, it is of little, if any, practical use whatever. I am of the opinion that it is the proper remedy, that it was properly invoked, and that this court should determine this application upon its merits.