STATE EX REL. BROWNE, RELATOR, *v.* BOOHER, POLICE JUDGE, RESPONDENT.

(No. 3,078.)

(Submitted September 28, 1911.  Decided October 21, 1911.)

[118 Pac. 271.]

*Supreme Court—Prohibition—When Writ Does not Lie.*

1.  Under section 7228, Revised Codes, authorizing the supreme court to issue a writ of prohibition to an inferior tribunal where there is not any plain, speedy and adequate remedy in the ordinary course of law, the writ does not lie to prevent further prosecution of an action in a police court to punish relator for a violation of a city ordinance, alleged by him to be void for various reasons, the remedy by appeal or by writ of *habeas corpus* being thorough and complete.

Original application by George T. Browne for writ to prohibit the prosecution of an action against him brought in a police court.  Dismissed.

*Mr. Jesse B. Roote,* for Relator, submitted a brief and argued the cause orally.

*Mr. H. Lowndes Maury, Mr. John A. Smith,* and *Mr. N. A. Rotering* submitted a brief in behalf of Respondent.  *Mr. Rotering* argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

On the 20th day of September, 1911, a complaint was filed in the police court of the city of Butte charging the relator with

"keeping in connection with a saloon conducted by him, rooms without doors, in which said rooms female persons were permitted to enter for the purpose of being supplied with wine, liquor and beer, contrary to the provisions of section 1 of ordinance 775 of the city of Butte." He has applied to this court for a writ to prohibit the further prosecution of said action. The points sought to be raised are, (1) that the same act is also made an offense under section 8385, Revised Codes, and therefore the city of Butte has no authority to punish it, and (2) that the ordinance is void for the reason that it violates section 3265 of the Revised Codes, in that it contains more than one subject.

Section 7228, Revised Codes, provides that a writ of prohibition may be issued by the supreme court to any inferior tribunal in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. The supreme court of Washington under similar enactments and circumstances refused to issue the writ. The court said: "In this case the appellant had an adequate remedy in the ordinary course of law, either by appeal from an adverse judgment or by application for a writ of *habeas corpus.*" It is to be remembered, also, that the relator may be acquitted of wrongdoing. In the case of *State ex rel. Hainsworth* v. *Shannon,* 130 Mo. App. 90, 108 S. W. 1097, the St. Louis court of appeals refused to prohibit the prosecution of the relator in the police court for alleged violation of a smoke ordinance. It was contended that, for various reasons, the ordinance was void. The court said: "Relator had a perfect remedy by an appeal in the first instance to the circuit court, and later, if need be, to this court."

The court of appeals of New York, in *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 79 N. E. 330, 10 L. R. A., n. s., 159, 9 Ann. Cas. 972, said: "We are of opinion that the subpoena issued by the magistrate was void upon its face, and that it called for obedience to its commands on the part of no one. We are also of opinion, however, * * * that prohibition is not the proper remedy. The writ of prohibition is not favored by

the courts. Necessity alone justifies it. Although authorized by statute, it is not issued as a matter of right, but only in the ·exercise of sound judicial discretion when there is no other remedy.  *  *  *  In no sense is it a substitute for an appeal. ⁕  *  *  It is justified only by extreme necessity when the ·grievance cannot be redressed by ordinary proceedings at law, ·or in equity, or by appeal.  *  *  *  We think the relator had a remedy which, even if indirect and inconvenient, deprived him of the right of prohibition.  *  *  *  There was a remedy, ·thorough and complete, through the writ of *habeas corpus.*" (See, also, *State ex rel. Spalding* v. *Benton,* 12 Mont. 66, 29 Pa. 425; 32 Cyc. 613.)

The proceedings are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY ·concur.