STATE EX REL. MACKEL, RELATOR, *v*. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 3,088.)

(Submitted November 6, 1911.   Decided November 20, 1911.)

[119 Pac. 476.]

*Prohibition—Right to Writ—Relief by Appeal.*

> 1.   A judgment having been rendered against relator directing him to pay to his wife $80 a month for support and maintenance, the court thereafter issued an order directing him to show cause why he should not be punished for contempt for default.   *Held*, that relator was not entitled to a writ prohibiting the court from hearing such order on the ground that it had no jurisdiction to enter the judgment because there was no sufficient allegation of residence in the wife's original complaint, since such defense was available in answer to the order to show cause, and, if not sustained, was reviewable on appeal.

Original application for writ of prohibition of State of Montana out of relation of Alexander Mackel against the District Court of the Second Judicial District in and for the County of Silver Bow, and Hon. George B. Winston, Judge of the Third Judicial District, presiding.   Dismissed.

*Mr. Alexander Mackel,* appearing *pro se,* filed a brief and argued the cause orally.

*Mr. Jesse B. Roote* argued the cause orally in behalf of Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

Application for a writ of prohibition.   Relator's affidavit sets forth that, in an action for separate maintenance heretofore instituted against him by his wife in Silver Bow county, the court by its judgment ordered him to pay her the sum of $80 per month during each and every calendar month, commencing with the month of August, 1911.   Thereafter the court issued an order to show cause, returnable on October 28, 1911, why he should not be punished for contempt of court for not paying the monthly alimony aforesaid.   It is alleged in the affidavit that

the respondent court and judge are without jurisdiction to proceed and never acquired jurisdiction, for "that there never was contained in any of the pleadings in said action an allegation to the effect that plaintiff had been a resident of the state [1]  for one year next preceding the commencement of the action." The application of the relator will be denied for reasons analogous to those given by this court in the case of *State ex rel. Browne* v. *Booher, Police Judge, etc.,* 43 Mont. 569, 118 Pac. 271. He should first present his contention that the judgment is void to the district court. That court has given him an opportunity to show cause, and he must avail himself of it. The presumption is that the court will correctly decide the point, that is to say, if the judgment is void, the court will so determine; in which event the relator will not be aggrieved. That court undoubtedly has jurisdiction to determine the very question which the relator seeks to present to this court. For aught we know, also, he may be able to show a valid excuse for his failure to comply with the judgment, if in fact he has not complied therewith, or he may show a full compliance. If the court decides in his favor, he will assuredly not complain. On the other hand, if the order below is adverse to him (a result we shall not anticipate), he may invoke the power of this court to afford relief therefrom.

The authorities cited by relator seem to indicate that some courts have exercised their discretion to prohibit proceedings in contempt in cases similar to the one at bar. His contention is that, if the district court was without jurisdiction to enter the judgment, it was equally without power to inquire into the question whether its mandate had been violated. We are satisfied, however, that that court has power to afford him the relief which he seeks, if, as he contends, its judgment is void. The application is made to the discretion of this court. Each case should be decided on its own facts. No rigid rule of general application can be laid down.

Our opinion is that all applications like the one at bar should first be made to the court by which the judgment is rendered.

Such a course of procedure will in many cases, we believe, relieve the supreme court of the necessity of hearing the matter at all and save the costs, expenses, and delays necessarily incident to an appeal to the discretion of this court.

The proceedings are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.