STATE EX REL. MYERSICK, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,007.)

(Submitted March 27, 1917. Decided April 11, 1917.)

[164 Pac. 546.]

*Prohibition—Scope of Writ—Burden of Proof—Remedy at Law.*

Prohibition—Scope of Writ
1. When the writ of prohibition issues out of the supreme court, it arrests proceedings of a judicial character only; hence it does not lie as against a sheriff, he being a ministerial officer.

Same—Writ Issues, When.
2.   The writ of prohibition issues only in the sound legal discretion of the court—not as a matter of right—and when a plain, speedy and adequate remedy in the ordinary course of law does not exist; it is to be used sparingly in furtherance of justice and to secure order and regularity in inferior tribunals.

[As to when the writ of prohibition lies, see notes in 12 Am. Dec. 604; 18 Am. Dec. 238; 111 Am. St. Rep. 929.]

Same—Burden of Proof.
3.   The applicant for a writ of prohibition assumes the burden of showing that the lower court is acting without or in excess of jurisdiction, and that no plain, speedy and adequate remedy in the ordinary course of law exists.

Same—Improper Issuance—Case at Bar.
4.   Where the district court ordered an attached stock of liquors, cigars, etc., before judgment in the interest of the parties as provided by Revised Codes, section 6671, the application alleging that the goods were depreciating in quality and value, that the liquor licenses were expiring unused, and that the expense of keeping the property was continuing, an abuse of discretion warranting issuance of the writ of prohibition held not apparent.

Same—Remedy at Law.
5.   Where a third party claiming attached property sold before judgment had a remedy by action in claim and delivery, or in conversion or by intervention in the original action, prohibition will not lie.

Original application for writ of prohibition on the relation of Charles L. Myersick against the District Court of the Fifteenth Judicial District in and for Musselshell County and others. Alternative writ quashed and proceeding dismissed.

*Messrs. Collins, Campbell & Wood,* for Relator, submitted a brief; *Mr. Donald Campbell* argued the cause orally.

*Messrs. Boarman & Boarman,* for Respondents, submitted a brief; *Mr. J. R. Boarman* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On December 2, 1916, William Moore executed and delivered to Geo. L. Stephens his certain promissory note for $1,000. Before maturity Stephens indorsed and transferred the note to the First National Bank of Roundup. The bank commenced an action on the note against Moore and Stephens, and caused a writ of attachment to be issued and to be levied upon a stock of

wines, liquors and cigars and certain saloon furnishings and fix-tures. This relator made a third party claim to the property attached, but the plaintiff gave to the sheriff a bond of indemnity, and the sheriff retained possession. Upon application of the attaching creditor, the court ordered the sheriff to sell the attached property and deposit the proceeds in court to await judgment. Thereupon relator instituted this proceeding to prohibit the court from taking further steps under the order of sale.

1. The respondent sheriff is not a proper party to this proceeding and must be dismissed. The writ of prohibition, [1] when issued from this court, arrests proceedings of a judicial character only. (*State ex rel. Scharnikow* v. *Hogan,* 24 Mont. 379, 51 L. R. A. 958, 62 Pac. 493.) The sheriff is a ministerial officer, and his acts are not subject to control by this writ. If it be a fact that the property levied upon belongs to this relator, his remedy for the wrongful seizure must run against the sheriff. The court below was not responsible for the act of the sheriff in levying the writ.

2. Assuming for the purposes of this proceeding that the relator is a person beneficially interested, though not a party to the action in the court below (*Havemeyer* v. *Superior Court,* 84 Cal. 327, 18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121; *Cronan* v. *District Court,* 15 Idaho, 184, 96 Pac. 768), the question presented is: Does the application disclose such a set of circumstances as warrants the relief sought?

The writ of prohibition is an extraordinary judicial writ which [2] issues, not as a matter of right, but only in the sound legal discretion of the court. (*State ex rel. Lane* v. *District Court,* 51 Mont. 503, L. R. A. 1916E, 1079, 154 Pac. 200.) It is to be used sparingly for the furtherance of justice and to secure order and regularity in the inferior tribunals. It arrests proceedings of a judicial character when such proceedings are without or in excess of jurisdiction (Rev. Codes, sec. 7227), but it issues only when there is not a plain, speedy and adequate remedy in the ordinary course of law (Rev. Codes, sec. 7228; *State ex rel. Browne* v. *Booher,* 43 Mont. 569, 118 Pac. 271). The applicant

[3]   must therefore assume the burden of showing that the court below is acting without or in excess of jurisdiction, and also that he has no plain, speedy and adequate remedy in the ordinary course at law.   In this instance we think he has failed in both particulars.

The order of the district court directing the sale of attached [4]   property prior to judgment is the only proceeding of a judicial character which is attacked.   Jurisdiction to order a sale of attached property prior to judgment is specifically conferred upon the court by section 6671, Revised Codes.   To invoke that jurisdiction it must be "made to appear satisfactorily to the court or a judge thereof that the interest of the parties to the action will be subserved by a sale." (*Id.*)   The statute does not define the quantity or quality of proof necessary to move the court's discretion or specify the particular facts from which the court is to determine that a sale will best subserve the parties' interests.   It is made to appear from the application for the order of sale that portions of the attached goods will depreciate in quality and value, that the licenses are expiring unused, and that the expense of keeping the property is continuing.   We think the court might with propriety have required the facts to be set forth with greater particularity; but we are not prepared to say that the application was insufficient to move the court's discretion.

The distinction is to be made between a sale of perishable property held under attachment, and a sale made in the interest of the parties.   While it may be to the interest of all concerned that perishable property under attachment be sold *in limine* or before judgment, a sale of such property is made by the sheriff on his own responsibility under the authority conferred by section 6670, Revised Codes.   It is only when attached property is sought to be sold under section 6671 that a showing is necessary, and the authority to sell is dependent upon an order of court. In this instance we think the showing and order are sufficient.

3. The relator's petition for the writ of prohibition is further [5]   deficient in that he failed to show that he has not a plain,

speedy and adequate remedy in the ordinary course at law. There was available to him an independent action in claim and delivery, or in conversion; but if either of these was inadequate for any reason, he had a complete remedy by intervention in the original action where he might have had determined his right to or interest in the property. (Rev. Codes, sec. 6496; *Dennis* v. *Kolm,* 131 Cal. 91, 63 Pac. 141; *Potlatch Lumber Co.* v. *Runkel,* 16 Idaho, 192, 18 Ann. Cas. 591–594, 23 L. R. A. (n. s.) 536, and note, 101 Pac. 396; 2 Corpus Juris, 373; 2 R. C. L. 879; 4 Cyc. 725.)

It goes without saying that, if the defendants in the attachment suit have no interest in the property attached, the purchaser at the sheriff's sale will not secure any title; but this fact does not reflect upon the authority of the court to order a sale of whatever interest, if any, the defendants have.

The motion of the respondent court and judge is sustained. The alternative writ heretofore issued is quashed and the proceeding dismissed.

*Dismissed.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, did not hear the argument and takes no part in the foregoing decision.