STATE ex rel. SANDS, Relator, v. DISTRICT COURT
ET AL., Respondents.

(No. 7,205.)

(Submitted November 17, 1933.   Decided November 27, 1933.)

[26 Pac. (2d) 970.]

*Mr. W. B. Sands* and *Messrs. Towner & Lewis,* for Relator, submitted a brief and argued the cause orally.

*Messrs. Freeman, Thelan & Freeman,* for Respondents, submitted a brief; *Mr. Ernest Abel,* of Counsel, argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

John Thomson brought an action in the district court of Chouteau county against Julius Nygaard, alleging in the com-

plaint that since April 5, 1932, he had been in the possession of certain coal mining property on lots 2 and 3 of section 18, township 28 north, range 14 east, situated in Chouteau county; that he was in possession by virtue of a lease for the term ending April 1, 1935, executed by Louis Genereaux, the then owner of the land, a copy of which was attached to the complaint; that on September 19, 1932, Nygaard wrongfully entered upon the property, took possession thereof, and excluded Thomson therefrom. The complaint sets out the damages resulting to Thomson as the result of the acts of Nygaard, and asks judgment therefor. It also asks for an injunction preventing Nygaard, his agents, and employees from interfering with the rights of Thomson and that Nygaard be ousted from the premises.

Nygaard filed an answer to the complaint in which he admits that he took possession of the property and commenced operating it on September 19, 1932. He sets forth that on September 16, 1932, Nygaard in the presence of Thomson entered into a contract with Walter B. Sands for the purchase of the premises with the distinct understanding that Nygaard was to have immediate possession and that all previous leases were rescinded and of no further effect; that on September 18 Sands placed Nygaard in possession in the presence of, and without protest by, Thomson; he denies that Thomson has been damaged by the entry of Nygaard on the premises. The answer further alleges that Genereaux had purchased the property described in the complaint from Sands under a contract whereby Genereaux was to have possession until in default in his payments, all of which Thomson knew; that when Nygaard purchased the property from Sands, Genereaux was in default to the knowledge of Thomson; that therefore Thomson is estopped from claiming any interest in the property.

The reply of Thomson may be treated as a general denial, except that it avers that Nygaard, when he purchased the property from Sands, knew that Thomson claimed an interest therein and that Nygaard's rights were subject to his lease.

H. G. Lescher, as trustee, thereafter petitioned the court for, and was granted, leave to intervene in the action and to have Sands, Dan Sargent, and Henry Wedeking brought into the action as additional parties. In his petition he alleged that he is the owner and entitled to the possession of lots 2 and 3, "together with other property formerly owned by the Mackton Coal Company." It was also averred that Sands, Dan Sargent, lessee from Sands, and Henry Wedeking should be made parties in order "to establish and determine the title of all of said Mackton Coal Company in petitioner in this action." Pursuant to such leave, Lescher, trustee, filed his complaint in intervention in which he alleged that since March 21, 1928, he has been sole owner and entitled to the possession of lots 2, 3 and 4, the east half of the southwest quarter, and the north half of the northeast quarter of section 18, township 28 north, range 14 east, together with tenements, hereditaments and appurtenances; that title came to him as the result of the foreclosure of a mortgage or trust deed executed by the Mackton Coal Company in 1916 and duly recorded in Chouteau county, to secure an indebtedness of $100,000, payable in January, 1921; that in an action instituted in the United States district court on May 26, 1926, wherein Northwestern Trust Company was plaintiff and Mackton Coal Company and W. R. Hensen and others were defendants, an order of foreclosure sale was entered, and sale of the property was had, resulting in a deed by the United States marshal to intervener; that *lis pendens* in that action was filed May 26, 1926. Deed was obtained on March 21, 1928. It is alleged that Sands had knowledge of the pendency of that action and appeared therein by motion to set aside the judgment and to annul the sale. It is further alleged that Hensen, after the commencement of that action and the filing of the *lis pendens,* obtained a judgment against Mackton Coal Company, caused execution to be issued, and thereafter sold all the described property and obtained a sheriff's certificate of sale, which was later assigned to Ira S. Harbolt and by him thereafter assigned to Sands, who obtained a sheriff's deed on March 23, 1928; that Sands has

since that time wrongfully claimed and assumed ownership of the property; that as pretended owner he has authorized Thomson, Nygaard, Dan Sargent and Henry Wedeking to operate the mining property without right; that both Thomson and Nygaard claim rights through the alleged ownership of Sands; that to prevent a multiplicity of suits intervener has no plain, speedy or adequate remedy otherwise than to intervene and assert his claim against Thomson and Nygaard, and against Sands, Sargent, and Wedeking. The complaint in intervention also asked that Sands be required to account to intervener for all rents and profits received by him from sales and leases of the property and that intervener have judgment therefor against Sands.

To the complaint in intervention Sands filed a separate answer in which he denied that intervener is now, or at any time has been, the sole owner of the property described in the complaint in intervention or any part thereof, or entitled to the right of possession. He further alleged that Hensen commenced an action for debt against the Mackton Coal Company on February 27, 1925; that he obtained judgment on May 11, 1925; that execution was issued and pursuant thereto the sheriff sold the property described in the complaint in intervention on August 15, 1925, to Hensen. Here it may be stated that the certificate of sale executed by the sheriff recites: "Sold subject to all valid mortgages or liens on said property of record in the office of the clerk and recorder of Chouteau county at the time of said sale." It is then alleged that in 1927 Hensen sold all the property to Harbolt by assigning the sheriff's certificate of sale to him; that thereafter during the same year Harbolt sold to Sands by the same method; that Sands obtained the sheriff's deed on March 28, 1928; that Sands thereafter, and on September 18, 1932, sold lots 2, 3 and 4, and the east half of the southwest quarter, and "in addition thereto 200 acres of other lands adjoining, but not involved in this action," to Nygaard and placed a deed in escrow for delivery upon completion of the payments; that in May, 1928, Sands sold certain of the property involved in

this action to Nygaard, to the knowledge of intervener, and without objection or protest from the intervener. It is alleged that Sands is the owner of the property involved, and entitled to its possession as against all persons except Nygaard.

Sargent answered that he is in possession of the north half of the northeast quarter of section 18, township 28 north, range 14 east, under a lease executed to him by Sands, and disclaims any other or further interest in the property described in the complaint in intervention.

Wedeking filed answer disclaiming any interest in the property involved in the action.

Intervener filed a reply to the answer of Sands amounting to a general denial. Upon the issues thus presented, the cause was tried to the court without a jury.

From the recitals in the judgment we find that after intervener submitted evidence and rested, the various defendants moved to dismiss the complaint in intervention; that the motion was overruled, and defendants thereupon refused to proceed further with the cause so far as it pertained to the complaint in intervention. The court thereupon found that intervener is, and since March 21, 1928, has been the sole owner of and entitled to possession of all the property described in the complaint in intervention, and that none of the defendants have any right, title or interest therein. Judgment followed accordingly.

Sands, in his own behalf and as attorney for Sargent and Wedeking, thereupon made application to this court for a writ of prohibition, directed against the respondent court and the judge thereof, to prohibit the making of any order to enforce the judgment, on the ground that the court had no right to adjudicate the title to property not involved in the complaint of Thomson, but which was brought into the case by the complaint of Lescher in intervention. Upon filing the application an alternative writ issued. In response thereto respondents filed an answer. Its contents need not be alluded to further than to say that it presents no fact questions. The sole question involved is the propriety of the court's judgment, so far

as it adjudicates title to property not described in the complaint of Thomson but which was described in the complaint in intervention filed by Lescher.

The writ of prohibition may be used to arrest the proceedings in the court below only when such proceedings are in excess of the jurisdiction of the court. (Sec. 9861, Rev. Codes 1921; *State ex rel. Spalding* v. *Benton*, 12 Mont. 66, 29 Pac. 425; *State ex rel. Boston etc. Min. Co.* v. *District Court*, 22 Mont. 220, 56 Pac. 219.) "If the inferior court has jurisdiction of the subject-matter in controversy, a mistaken exercise of that jurisdiction or of its acknowledged powers will not justify a resort to the extraordinary remedy by prohibition." (*State ex rel. Heinze* v. *District Court*, 32 Mont. 394, 80 Pac. 673, 674.)

Relators assert that the court was without jurisdiction to adjudicate the title to property not described in the complaint of Thomson. Respondents contend that, since the court had jurisdiction of all the parties in interest and since the property was within the jurisdiction of the court, and since the complaint in intervention and the subsequent pleadings tendered the issue with respect to the additional property, the court was not without jurisdiction, and that, if error was committed in permitting the issues presented by the complaint in intervention to be tried in the action, it was error within jurisdiction and that, therefore, its propriety cannot be reviewed in a prohibition proceeding.

Respondents' contention must be sustained. The court under the provisions of section 9088, Revised Codes of 1921, has the right, in a proper case, to permit a third party to intervene in an action. Under section 9151, Id., the court has the power, in a proper case, to bring in additional parties. Under section 9090, Id., the court has jurisdiction to determine any controversy between parties before it, subject to the limitations therein set forth. Whether the court properly allowed the intervener to intervene, and whether it properly restricted the issues that might be determined, did not go to the jurisdiction

of the court, but only to the proper exercise of powers within jurisdiction.

While not directly in point on the facts, the cases of *Ah Goon* v. *Superior Court*, 61 Cal. 555, *People* v. *Sexton,* 37 Cal. 532, and *McLean* v. *Mooser,* 59 Cal. App. 345, 210 Pac. 827, in principle support this conclusion. The situation is much the same as that presented when a defendant files a cross-bill. The authorities hold that such a bill must be germane to the issues presented by the complaint. (21 C. J. 508.) But "the question whether a crossbill is germane to the original bill is not jurisdictional and an error in deciding it can be corrected only on appeal." (21 C. J. 511, note 24; and see *Ledbetter* v. *Mandell,* 141 App. Div. 556, 126 N. Y. Supp. 497.)

If error was committed by the court—a point we do not decide—it was error within jurisdiction, reviewable on appeal but not by writ of prohibition.

Accordingly relator's application for a writ of prohibition must be denied and the proceeding dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.

Rehearing denied December 5, 1933.