THE STATE OF MONTANA EX REL. J. F. REID, E. J. BYRNE AND W. J. WINTERS, AS MEMBERS OF THE STATE BOARD OF EQUALIZATION OF THE STATE OF MONTANA, RELATORS, v. THE DISTRICT COURT OF THE NINTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF TOOLE, AND THE HONORABLE W. M. BLACK, THE JUDGE THEREOF, RESPONDENTS.

No. 9950.
Submitted June 26, 1958. Decided August 7, 1958.
328 Pac. (2d) 634.

George T. Bennett, H. O. Vralsted, Helena, George T. Bennett argued orally, for appellant.

Aranow & Cure, Shelby, Elmo J. Cure, Shelby, argued orally, for respndents.

MR. JUSTICE ANGSTMAN:

This is an original proceeding in prohibition. The facts recited in the petition are briefly these:

That on or about the 2nd day of May, 1958, the State Board of Equalization, held a public hearing in Shelby, pursuant to section 84-605, R.C.M. 1947  After hearing the evidence the Board determined that the assessed value placed upon the non-irrigated, tillable farm lands in Toole County, by the county assessor and approved by the Board of County Commissioners, when acting as a county Board of Equalization was unrealistic in the light of the true value of the property; that the valuation was entirely too low in relation to the assessed value of similar properties in neighboring counties and that it would be necessary to adjust, increase and equalize the valuations to bring about uniformity of tax burdens in the county and on a state wide basis.

Thereafter, and on or about the 27th day of May, the State Board of Equalization gave notice under section 84-710 of its contemplated increase in the assessed valuation of all tillable, non-irrigated farm lands in Toole County.

The hearing was noticed for June 16th at 10:00 a.m.  On June 10th, before the Board held its contemplated hearing, and before it took any action to increase or change the assessed valua-

tions of such property an alternative writ of prohibition was issued by respondent court which prohibited it from proceeding further under section 84-605, and prohibited it from holding a public hearing and from equalizing or increasing the assessed values of farm lands in that county. The alternative writ of prohibition was issued ex parte. Thereafter on the 12th day of June, relators filed and presented to the respondent court their motion to quash the alternative writ, which motion was overruled. Likewise, the Board filed a motion to dissolve the restraining order which was also denied by the court.

The petition alleges that the Board has no plain, speedy or adequate remedy, and is thus prohibited from carrying out the duties and obligations required by it under the Constitution. Upon the filing of the petition, this court issued an alternative writ and the matter was brought on for hearing. At the conclusion of the hearing this court ordered a peremptory writ to issue commanding the respondent court to quash the alternative writ of prohibition issued by it and announced that a written opinion would follow.

Under the Constitution the State Board of Equalization is charged with the duty of adjusting and equalizing the valuation of all taxable property among the several counties and between individual taxpayers. Mont. Const. art. XII, section 15. This is likewise the mandate of the statute, section 84-708, subds. (5) and (6).

Here the respondent court has prevented the Board from discharging its constitutional duties. It has issued a writ of prohibition against the Board before it has acted. The action of the court was premature. If the State Board acts arbitrarily or fraudulently or contrary to law, then the courts may intervene. Danforth v. Livingston, 23 Mont. 558, 59 Pac. 916; State v. State Board of Equalization, 56 Mont. 413, 185 Pac. 708, 186 Pac. 697; Johnson v. Johnson, 92 Mont. 512, 15 Pac. (2d) 842.

Here the Board had jurisdiction and was acting within its jurisdiction when the respondent court interceded by way of a writ of prohibition. This may not be done. State ex rel. Lloyd

v. District Court, 105 Mont. 281, 72 Pac. (2d) 1014; State ex rel. Sands v. District Court, 95 Mont. 427, 26 Pac. (2d) 970; State ex rel. Reid v. District Court, 126 Mont. 586, 256 Pac. (2d) 546.

For the foregoing reasons the alternative writ is made permanent.

MR. JUSTICES CASTLES, BOTTOMLY and ADAIR, concur.