STATE OF MONTANA EX REL. DAN FULTON, JOHN C. ALLEY and E. J. BYRNE, as Members of the State Board of Equalization, Relators, v. DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT of the State of Montana, in and for the County of Cascade, and the HONORABLE R. V. BOTTOMLY, one of the Judges thereof, Respondents.

No. 10330.
Submitted October 29, 1961. Decided November 21, 1961.
366 P.2d 435.

Forrest H. Anderson, Atty. Gen., Donald A. Garrity, Asst. Atty. Gen., for relators. Sidney O. Smith, Helena, argued orally.

Skedd, Harris, & Massman and LaVerne V. Harris, Helena, for respondents. Hubert J. Massman, Helena, argued orally.

A. W. Scribner, Helena, amicus curiae.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding before this court. The relators sought by petition and affidavit a writ to prohibit the district court of the eighth judicial district from further proceedings in a matter hereinafter more fully described. We issued an alternative writ of prohibition, prohibiting further action, and to appear and show cause why it should not be prohibited permanently. A return to the alternative writ was made by counsel for the district court. Application was made by amicus curiae to file a brief and permission was granted. The cause was argued orally.

The relators will be referred to herein as the Board. The respondent district court and the judge thereof will be referred to as the District Court of the Eighth District.

The situation giving rise to the original proceeding is as follows: On August 18, a petition was filed in the District Court of the Eighth District asking that court to "forthwith issue an appropriate writ prohibiting and restraining respondents (relator Board herein) from enforcing" certain amendments to regulations of the relator Board relating to corporation license tax allegedly due on patronage dividends of farm co-operatives, until after hearing before said court.

The District Court of the Eighth District made an order directing that an alternative writ of prohibition be issued restraining the Board from enforcing the said amendments to regulations unless and until said Board appeared before the District Court in answer to the alternative writ on September 11. The alternative writ was served on the Board on August 21. Thereafter on August 25 the Board was served with notice to take depositions in the downtown law offices of counsel for the petitioner in the Eighth Judicial District on September 1. On August 30, the petition by the Board for a writ was made to this court to prohibit the District Court of the Eighth District from conducting further proceedings. We issued an order for an alternative writ of prohibition calling attention to four

previous opinions of this court in State ex rel. Mueller v. District Court, 87 Mont. 108, 285 P. 928; State ex rel. Stewart v. District Court, 103 Mont. 487, 63 P.2d 141; State ex rel. Yuhas v. Board of Medical Examiners, 135 Mont. 381, 339 P.2d 981; and State ex rel. Lee v. Mont. Livestock San. Bd., 135 Mont. 202, 339 P.2d 487.

One further matter was made to appear in the Board's petition to this court, that is, that the same party in the identical situation, had previously on August 11 filed a petition for a writ of prohibition in the District Court of the First Judicial District. That petition was dismissed by praecipe of counsel on August 15, and, with the addition of one party (the right of this party was questioned by motion to strike here, but we do not deem this of importance), the same action was filed in Great Falls in the respondent Eighth District Court.

Also, the Eighth District Court was asked to allow attorney fees to the petitioners in the amount of $5,000.

The regulations, which are the subject of this action and the attempted action in the lower court, were issued by the Board on May 2, 1961. They were issued as a result of the enactment of Chapter 155, Laws of 1961, the purpose of which, as shown by the title, was to remove the exemption theretofore granted under the corporation license tax law to mutual savings banks, domestic building and loan associations, and labor, agricultural or horticultural corporations. The regulations were issued by the Board to implement those provisions of the Act concerning labor, agricultural or horticultural cooperatives. They provide generally for the computation of the tax based upon the entire income of such organizations, including that income which may have been allocated in the form of patronage dividends.

We shall not consider the merits of the legislation or the regulations issued thereunder. We shall devote ourselves to the procedural question of whether the Eighth District Court

acted in excess of its jurisdiction in issuing a writ to prevent a state board from performing its official duties.

The writ of prohibition, section 93-9201, R.C.M.1947, is defined as follows:

"The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person, whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."

This court has consistently followed the provisions of this section and has held that prohibition will lie only to restrain activities in excess of jurisdiction, and only when there is no plain, speedy, adequate remedy at law.

As to the latter, there are at least two remedies provided by law, that of paying under protest and bringing action to recover as provided in R.C.M.1947, § 84-4501, and that of an action for declaratory judgment as provided in R.C.M.1947, §§ 93-8901 to 93-8916.

In First National Bank v. Sanders County, 85 Mont. 450, 462, 279 P. 247, this court speaking through Chief Justice Callaway held that the statutory remedies, whether legal or equitable are exclusive. Since that decision in 1929, the additional statutory remedy of declaratory judgment has been made available.

It is clear from our decisions that where there is a plain, speedy and adequate remedy at law, especially so where specific statutory remedies are available, that the writ of prohibition will not lie. See State ex rel. Myersick v. District Court, 53 Mont. 450, 164 P. 546; State ex rel. Browne v. Booher, 43 Mont. 569, 118 P. 271. Thus, it is clear that the Eighth Judicial District Court acted in excess of its jurisdiction in entertaining the petition for a writ of prohibition.

As remarked before, we do not intend in this proceeding to discuss the merits of the statutes nor the regulations of the Board. However, to indicate that the Board in issuing its regu-

lations was acting within its jurisdiction, even though perhaps mistakenly (although we indicate no opinion on this), we call attention to R.C.M.1947, § 84-1508, which gives the Board power to provide "such other regulations as may from time to time be found necessary." See also State ex rel. Stewart v. District Court, supra.

In this case the attempted restraint is against the enforcement of regulations which the Board of Equalization clearly had jurisdiction to adopt. As was mentioned in the Board's petition to the court, in adopting the regulations it was acting in accordance with, and pursuant to the express mandate of section 84-1508, empowering it to prescribe regulations under the corporation license tax law.

In State ex rel. Lloyd v. District Court, 105 Mont. 281, 72 P.2d 1014, the relators sought such a writ to prohibit the district court of Deer Lodge County from hearing and deciding a contempt proceeding on the merits, and also to prohibit and restrain receivers from obtaining title to mining claims mentioned in the receivership and contempt proceedings. In dismissing the proceedings, this court at page 287, 72 P.2d at page 1016 said:

"Mindful of the provisions of our statute, section 9861, Revised Codes [1921, now R.C.M.1947, § 93-9201], this court has consistently refused the writ of prohibition to arrest the proceedings of a trial court while acting within jurisdiction. State ex rel. Sands v. District Court, 95 Mont. 427, 26 P.2d 970. This court has often required that trial courts acting within jurisdiction should proceed to a full decision of the issues before them. State ex rel. Brophy v. District Court, 95 Mont. 479, 27 P.2d 509, and cases therein cited. It would, indeed, be inconsistent to restrain a trial court from doing just what this court has so often compelled.

"The right to hear and decide the matter carries with it the right to make a wrong decision. State ex rel. Ellan v. District Court, 97 Mont. 160, 166, 33 P.2d 526, 93 A.L.R. 865; State

ex rel. Stagg v. District Court, 76 Mont. 495, 497, 248 P. 213, and cases therein cited; compare, also, State ex rel. Goodhue County Bank v. District Court, 96 Mont. 600, 31 P.2d 837.''

Another prohibition proceeding was dismissed in the case of State ex rel. Sands v. District Court, 95 Mont. 427, 26 P.2d 970. There the relators contended that the district court had acted improperly in allowing intervention and in adjudicating title to property based upon the issues raised by the intervener. The court at page 432, 26 P.2d at page 972 said:

''The writ of prohibition may be used to arrest the proceedings in the court below only when such proceedings are in excess of the jurisdiction of the court. Section 9861, Rev.Codes 1921 [now R.C.M.1947, § 93-9201]; State ex rel. Spalding v. Benton, 12 Mont. 66, 29 P. 425; State ex rel. Boston, etc., Min. Co. v. District Court, 22 Mont. 220, 56 P. 219. 'If the inferior court has jurisdiction of the subject-matter in controversy, a mistaken exercise of that jurisdiction or of its acknowledged powers will not justify a resort to the extraordinary remedy by prohibition.' State ex rel. Heinze v. District Court, 32 Mont. 394, 80 P. 673, 674.''

A similar observation was made in the recent case of State ex rel. Lee v. Montana Livestock Sanitary Board, supra, (1959) 135 Mont. 202, 208, 339 P.2d 487, 491. In that case, this court reversed on appeal the issuance by the district court of a writ of prohibition against activities of the Livestock Sanitary Board, stating as follows:

''Here, while we have deemed it unnecessary in making a determination of this appeal to consider any of the specifications of error other than the first two, still we have given a vast amount of our time and study to all, and it may not be amiss to here state that the writ of prohibition would not restrain a ministerial, executive or administrative function, no matter how illegal the act thereunder may be so long as the tribunal sought to be restrained has jurisdiction of the subject matter in controversy. A mistaken exercise of such tribu-

nal's acknowledged powers will not justify the issuance of the writ. The writ of prohibition will not be issued as of course, nor because it may be the most convenient remedy. Nor will it be allowed to take the place of an appeal, or perform the offices of a writ of review. See State ex rel. White v. Board of State Land Comm'rs, supra [23 Wash. 700, 63 P. 532]."

Two additional cases to the same effect are State ex rel. Reid v. District Court, 134 Mont. 128, 328 P.2d 634; and State ex rel. Reid v. District Court, 126 Mont. 586, 256 P.2d 546.

Thus, under the rule announced in the foregoing cases, and consistently adhered to by this court, it is evident that the Eighth Judicial District Court had no jurisdiction to issue an alternative writ of prohibition in this case. The allegations of the petition afford no basis for the issuance of such a writ, and consequently the Eighth Judicial District Court acted beyond its jurisdiction in entertaining the petition.

This court has, in identical circumstances, intervened at that stage of the proceedings to prevent further action by the district court. In State ex rel. Stewart v. District Court, 103 Mont. 487, 63 P.2d 141, the State Board of Equalization, acting under provisions of the Montana Beer Act, Rev.Codes 1935, § 2815.10 et seq., had issued an order suspending the license of the Higgins Cigar Store for a period of five days. Thereafter the Higgins Cigar Store applied to the district court for an alternative writ of prohibition, alleging that no evidence was introduced at the hearing and that for that reason the Board had no power to issue the suspension order. An alternative writ was issued, requiring the Board to show cause on a day certain why it should not be absolutely restrained from any further proceedings in the matter, and why the order suspending the license should not be annulled. At that point, the Board applied to the Supreme Court for a writ of supervisory control, or other appropriate writ, and the court caused to be issued a writ of prohibition annulling the restraining order and dismissing the proceedings upon which the order was issued.

The basis for its decision was the rule announced in the cases previously discussed in this opinion, namely, that the order of the Board was not in excess of jurisdiction and that the district court was acting in excess of its jurisdiction in restraining the Board. In answer to the contention that the relators should have appeared by motion to quash or otherwise in the lower court before applying to the supreme court for relief, this court in the Stewart case at p. 498, 63 P.2d at p. 143 stated:

"It is argued that this court should not issue a writ while the matter as to which it is alleged the lower court is exceeding its jurisdiction is there pending and undetermined, and not until the relators have exhausted their remedies in that court. Any such contention is foreclosed by what was said by this court in the case of State ex rel. Mueller v. District Court [87 Mont. 108, 285 P. 928], supra, reading as follows: 'Respondents make the point that under the authorities this court should not issue a writ while the matter as to which it is alleged the lower court will exceed its jurisdiction is there pending and undetermined, and not until the relators here have exhausted their remedies in the lower court, citing State ex rel. Heinze v. District Court, 32 Mont. 394, 80 P. 673; State ex rel. Mackel v. District Court, 44 Mont. 178, 119 P. 476, and State ex rel. Scollard v. District Court, 47 Mont. 284, 132 P. 21. But the situation presented in those cases bears little, if any, analogy to that presented here. *In the present case the district court already has exceeded its jurisdiction. It did so in entertaining the application and in issuing a restraining order, which is still in effect and which, unless annulled by this court, may remain in effect for an indefinite time.'* " Emphasis added.

In the Mueller case, cited by the court in the above quotation from the Stewart case, application was made to the supreme court after the matter had been argued by respective counsel in the court below, the court having taken it under advisement with direction that the restraining order remain in

full force pending consideration of the cause. As is apparent from the discussion in the Stewart case, this court intervened at that point in order to prevent the lower court from maintaining further proceedings in excess of its jurisdiction. (And see State ex rel. Mulholland v. District Court, 88 Mont. 400, 402, 293 P. 291.)

This case is demonstrably one requiring immediate action by the court. The actions already taken by the Eighth Judicial District Court in preventing the Board from pursuing its duties under the corporation license tax law, in ordering the relator Board to show cause why attorney fees in the sum of $5,000 should not be awarded, and the action of the original relator's counsel in attempting to require the members of the Board to appear in the downtown law offices of counsel for the petitioners and give testimony prior to a hearing on the merits, are ample evidence of the need for remedial action by this court. We have previously mentioned the circumstances of this action having been filed in the First Judicial District Court, then, dismissed by counsel's own praecipe and refiled in the Eighth Judicial District Court. On oral argument before us, counsel for the respondent Eighth Judicial District Court admitted, in effect, that the purpose of the dismissal in one District Court and refiling in another was to seek a more favorable forum to secure a writ of prohibition. While we do not predicate this opinion on the grounds of venue, in passing, we observe that "shopping" for a more favorable court is not viewed with favor. That this was more than simply a venue matter, as discussed in State ex rel. Bonners Ferry Lumber Co. v. District Court, 69 Mont. 436, 222 P. 1050, seems apparent.

While not necessary to a determination of the issue before us, we should mention that section 93-2902, R.C.M. 1947, would require the venue of this action to be in the First Judicial District, and section 84-1508, R.C.M.1947, also requires it. In the face of these statutory requirements, it seems doubly ill-advised to "shop" for a forum more favorable.

For the foregoing reasons, let the writ of prohibition against the District Court of the Eighth Judicial District, and the Judge thereof, the Honorable R. V. Bottomly, be made permanent. Rulings on numerous motions by both parties to this action are unnecessary.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON concur.