THE STATE OF MONTANA EX REL. DAN FULTON, E. J. BYRNE AND JOHN C. ALLEY AS MEMBERS OF THE STATE BOARD OF EQUALIZATION, AND M. J. MEE, F. C. DERANLEAU, AND MARY PHYLLIS DALY, AS COUNTY COMMISSIONERS OF DEER LODGE COUNTY, MONTANA, RELATORS, *v.* THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF DEER LODGE, AND HONORABLE SID G. STEWART, THE JUDGE THEREOF, RESPONDENTS.

No. 10423.
Submitted March 5, 1962. Decided March 6, 1962.
369 P.2d 416.

George T. Bennett, John R. Kline, Helena, Emmet T. Walsh, Anaconda, for relators.

PER CURIAM.

This is an original proceeding seeking a writ of prohibition

directed against the District Court of Deer Lodge County. Ordinarily this court does not give its reasons for denial of petitions for orders to show cause or alternative writs in applications for extraordinary writs. However, we feel impelled to do so in this case because of state-wide interest and effect.

This petition seeks to prohibit the District Court from further proceedings after it had refused to grant a motion to dismiss an amended complaint filed by taxpayers of Deer Lodge County against the county commissioners. On July 25, 1961, the taxpayers sought by complaint to have Chapter 191, Laws of 1957, declared invalid. The State Board of Equalization intervened. A demurrer to the complaint by the County and State Board was sustained. Subsequently an amended complaint was filed. A motion to dismiss was denied.

The writ of prohibition is sought on the grounds that the District Court exceeded its jurisdiction in that it has no jurisdiction to review or question the proceedings of the State and County Boards of Equalization.

The amended complaint was met by a motion to dismiss on the ground that it did not state a claim and that the District Court lacked jurisdiction of the subject matter. The amended complaint alleged, in part:

"That the intervenor, STATE BOARD OF EQUALIZATION, failed completely to act pursuant to the provisions of Chapter 191, Laws of 1957, in that the STATE BOARD OF EQUALIZATION failed to take action by providing for a general and uniform method of classifying lands and a general and uniform method of appraising city and town lots and a general and uniform method of appraising rural and urban improvements and a general and uniform method of appraising timber lands, and did completely fail to adopt any rules and regulations therefore; that despite the mandates placed upon said STATE BOARD OF EQUALIZATION to do the things above mentioned the STATE BOARD OF EQUALIZATION instead of following said mandates did approve five (5) foreign ap-

praisement firms and authorized said foreign appraisement firms to do work throughout the State of Montana, to re-evaluate all property within the State of Montana and allowed the five (5) foreign firms to make and prescribe their own rules and regulations; that each of the five (5) foreign appraisement firms had and adopted different rules and regulations so that the appraisement firm which appraised the property in Deer Lodge County did not act under standards set by the STATE BOARD OF EQUALIZATION but did act under their own standards, which said standards differed from the standards adopted by the other appraisement firms."

And further:

"* * * that each of the five (5) foreign appraisement firms had and adopted different rules and regulations so that the appraisement firm which appraised the property in Deer Lodge County *did not act under standards set* by the STATE BOARD OF EQUALIZATION but *did act under their own standards,* which said standards differed from the standards adopted by the other appraisement firms." Emphasis added.

It is axiomatic that on a motion to dismiss we take the matters pleaded as true. Note that in effect it is alleged that the two Boards involved did not comply with the statute and in effect were allowing an appraisal in an illegal manner.

In State ex rel. Reid v. District Court, 134 Mont. 128, 130, 328 P.2d 634, 635, we held that the District Court could not interfere with the State Board in doing its duty. But we said, "If the State Board acts arbitrarily or fraudulently *or contrary to law,* then the courts may intervene." Emphasis added.

And, in Treasure State Pipe Line Co. v. Toole County, 136 Mont. 108, 114, 345 P.2d 162, 165, in discussing assessments we said:

"In State v. State Board of Equalization, 56 Mont. 413, 448, 185 P. 708, 713, 186 P. 697, this court said further: '* * * in so far as the means to be adopted by them [State Board of

Equalization] in arriving at values are concerned, we may not interfere. Those matters are within the discretion of the board, and so long as they are not guilty of fraud, and *do not adopt a fundamentally wrong principle of assessment,* we cannot interpose, or substitute our judgment for theirs.' '' Emphasis added.

We think that the amended complaint has sufficiently alleged that the appraisal leading to an assessment is being done contrary to law so that a claim is stated.

What we have said heretofore is not meant to be any final authority on the matters mentioned. It is said with the rules involving issuance of extraordinary writs in mind. When the same matters are submitted on appeal further consideration will be given.

The petition for a writ of prohibition is denied.