Hon. EDGAR N. HARWOOD, } Associate Justices.
Hon. WILLIAM H. DE WITT, }

---

## IN RE McFARLAND'S ESTATE.

CONSTITUTIONAL LAW — *Statutes — Validity — Appeals in probate matters.* — Sections 324 and 325 of the Probate Practice Act, providing for appeals directly to the Supreme Court, enacted prior to the adoption of the Constitution, were in conflict with section 1869 of the Revised Statutes of the United States, defining the appellate jurisdiction of the Supreme Court of the Territory, and limiting it to appeals in all cases from the final decisions of the District Courts; and also with section 1932 of the Revised Statutes of the United States, providing that in all cases an appeal may be taken from any order, judgment, or decree of the Probate Court to the District Courts, and were therefore null and void in so far as they prescribed direct appeals to the Supreme Court; and being null and void, did not, upon the adoption of the Constitution, become laws of the State under section xx. Schedule, sec. 1, Constitution.

STATUTORY INTERPRETATION — *Final judgments — Appeals in probate matters.* — An order of the District Court, made in a probate proceeding in any of the cases enumerated in section 445 of the Code of Civil Procedure, which is a final determination of the rights of the parties, is a final judgment within the meaning of title 11, chapters 1 and 2 of the Code of Civil Procedure, relating to appeals in civil actions.

SAME — *Appeals in probate matters — Jurisdiction.* — The original jurisdiction of the District Court being extended by the Constitution, section 1, Schedule, to include all matters of probate, the provisions of subdivision 2, section 421 of the Code of Civil Procedure, prescribing the time in which appeals may be taken from

judgments rendered on appeal from inferior courts, and section 444 of the Code of Civil Procedure, providing that appeals may be taken to the Supreme Court from final judgments of the District Courts, entered in actions or special proceedings commenced in those courts, or brought into those courts from other courts, do not now apply to probate matters, and appeals taken in such matters are now taken under the provisions of subdivision 1 of section 421, allowing appeals from a final judgment in an action or special proceeding commenced in the court in which the same is rendered within one year from the entry of judgment.

*Appeal from Third Judicial District, Deer Lodge County.*

The appeal was taken from an order by DURFEE, J., directing the distribution of decedent's estate.

On motion to dismiss.

*Thompson Campbell,* and *Robinson & Stapleton,* for the motion.

*Forbis & Forbis, contra.*

HARWOOD, J.—The appeal herein is prosecuted on behalf of Hannah De Long, and other persons claiming to be heirs at law of Elizabeth McFarland, deceased. Appeal is taken "from an order or decree" of the District Court of the Third Judicial District, directing the distribution of the estate of decedent to Wilbur N. Aylesworth, and to the estate of David H. McFarland, deceased. It appears by the record that said order or decree of distribution was made and entered February 8, 1890, and that appeal therefrom was taken January 20, 1891. Said distributees named in said order now appear by counsel, and move the dismissal of said appeal on the ground that the same was not taken within the time required by law in such cases.

It is contended in support of the motion that the time for taking an appeal in the matter here involved is limited to sixty days under the provisions of sections 324 and 325 of the Probate Practice Act. On the other hand, counsel for appellants contend, in opposition to said motion, that under the new system of judiciary, and the jurisdiction thereof, established by the Constitution, an appeal in the matter at bar should be taken under the provisions of chapters 1 and 2, title xi. of the Code of Civil Procedure; and that the *time* within which the same must be taken, is prescribed by subdivision 1 of section 421 of the

Code of Civil Procedure, and is limited to one year in case the appeal is from the judgment. It is further contended by appellants' counsel that sections 324 and 325 of the Probate Practice Act, in so far as the same provides for an appeal directly from certain orders and decrees of the Probate Court to the Supreme Court, are null and void, and have no force as statutes of this State, for the reason that when enacted in 1887, the provisions thereof were contrary to the laws of the United States organizing the Territory of Montana and applying thereto; and hence, being invalid as laws of the Territory, the same did not become laws of the State of Montana by virtue of the constitutional provision that: "All laws enacted by the legislative assembly of the Territory of Montana, and in force at the time the State shall be admitted into the Union, and not inconsistent with this Constitution or the Constitution or laws of the United States of America, shall be and remain in full force as the laws of the State, until altered or repealed, or until they expire by their own limitation." (Const. Schedule, § 1.)

This motion raises questions of much interest and importance, and fraught with some difficulty in the solution thereof. If sections 324 and 325 of the Probate Practice Act are in force as statutes of this State, the provisions thereof sustain the propositions asserted in favor of the motion before us, and this appeal should be dismissed. If, however, for any cause of invalidity, said sections were not in force as statutes of the Territory, the same cannot be statutes of the State; because the enabling act of Congress (§ 24) and our Constitution (Schedule, § 1) both provide that the laws of the Territory *in force* at the time the State should be admitted into the Union, and not inconsistent with the Constitution and laws of the United States, or our State Constitution, should remain in force as the laws of the State until otherwise provided. We therefore address our inquiry at once to the question of the validity of said sections 324 and 325 of the Probate Practice Act. Said sections providing for an appeal directly from the Probate to the Supreme Court were passed subject to the organic law governing the Territory of Montana in 1887, and were valid or null, by virtue of that law. The Organic Act of the Territory of Montana (§ 9) provides: "That the judicial power of said Territory

shall be vested in a Supreme Court, District Courts, Probate Courts, and in justices of the peace . . . . The jurisdiction of the several courts herein provided for, both appellate and original, and that of Probate Courts, and of justices of the peace, shall be limited by law." Again, section 1866 of the United States Revised Statutes provides: "The jurisdiction, both appellate and original, of the courts provided for in sections 1907 and 1908 shall be limited by law." Section 1907 provides: "The judicial power in . . . . Montana shall be vested in a Supreme Court, District Courts, Probate Courts, and justices of the peace." Section 1932 of the Revised Statutes of the United States provides: "The Probate Courts of the Territory of Montana, in their respective counties, in addition to their probate jurisdiction, are authorized to hear and determine civil causes wherein the damage or debt claimed does not exceed $500, and such criminal cases arising under the laws of the Territory as do not require the intervention of a grand jury; but they shall not have jurisdiction of any matter in controversy when the title or right to the peaceable possession of land may be in dispute, or of chancery or divorce causes; and in all cases an appeal may be taken from any order, judgment, or decree of the Probate Courts to the District Courts." Section 1869 of the Revised Statutes of the United States defines the appellate jurisdiction of the Supreme Court of the Territory of Montana as follows: "Writs of error, bills of exception, and appeals shall be allowed in all cases from the final decisions of the District Courts to the Supreme Court of all the Territories respectively, under such regulations as may be prescribed by law."

We think it is palpable without argument that, where the organic law provided that the jurisdiction of the courts of the Territory, "*both appellate and original,*" *shall be limited by law*; and that "*in all cases*" appeals to the District Courts should lie "from any order, *judgment, or decree of the Probate Courts*;" and further, that the appellate jurisdiction of the Supreme Court should be of appeals "*from final decisions of the District Courts,*"—a law passed by the legislative assembly governed by such fundamental provisions, directing the course of appeals otherwise, is void and of no effect, in so far as it prescribes such other course of appeals. This conclusion would

be reached by applying either of two familiar maxims — *expressio unius est exclusio alterius*, or *expressum facit, cessare tacitum.* (Coke upon Lit. 210, *a*; Broom's Leg. Maxims, 226.) These maxims are applicable to the interpretation of statutes which expressly prescribe the method to be pursued, or the conditions governing the subject; for it is the common understanding that the expression of such method or conditions manifests an intention to exclude all that might otherwise be implied, unless the contrary intention clearly appears in the instrument. It should be remembered that the provisions of section 324 of the Probate Practice Act, for an appeal from the Probate to the Supreme Court as found in the present volume of Compiled Statutes, is not found in the Revised Statutes of 1879, preceding the present volume. The same section as found in the Revised Statutes of 1879 provides that such appeal should be taken from the Probate to the *District* Court, and conformed to the provisions of the organic law above reviewed. An inspection of the original act, which became the present volume of "Compiled Statutes," will show that the change crept into the statute, not by design on the part of the compiler, but by inadvertently compiling that portion of the act from a publication which did not contain a correct print of the statute as it then, and had, for a long time, existed.

The statutes comprised in said sections 324 and 325 (Prob. Prac. Act) are not the only statutes providing for appeals from the orders, judgments, and decrees of the Probate Courts. Chapter 3 of title 11, page 180 (Comp. Stats), is entirely devoted to the subject of *appeals from the Probate to the District Courts;* and the same orders and decrees in probate matters are there made appealable to the District Courts, which by section 324 of the Probate Practice Act are made appealable directly from the Probate to the Supreme Court. It is further provided in section 699 (Code Civ. Proc.) that "the jurisdiction of the District Court shall be original and appellate." Section 701 (Code Civ. Proc.) provides that "the appellate jurisdiction of these [District] Courts shall extend to hearing upon appeal an order or judgment of a Probate Court or justice of the peace in the cases provided by law." Section 697 (Code Civ. Proc.) provides: "The Supreme Court shall have appellate jurisdiction

in all cases tried in the District Courts." Under the territorial system a party feeling aggrieved by the decision of the Probate Court, in a matter like that in the case at bar, could carry the question ultimately to the Supreme Court. But such question had to come to the Supreme Court by appeal from the final determination thereof in the District Court. The jurisdiction and practice of the District Court, in such case, as well as the manner of appealing from the final determination by that court to the Supreme Court, is ably elucidated by Chief Justice Wade in *Broadwater* v. *Richards,* 4 Mont. 52, 80.

The foregoing inquiry into the conditions which governed the practice under the old system concerns the question before us, not only in order to find whether or not sections 324 and 325 (Prob. Prac. Act) are valid statutes of the State, by virtue of having been valid statutes of the Territory, but also as shedding some light upon the practice to be pursued in the appeal from judgments, orders, and decrees of the District Courts, in probate matters, under the new conditions inaugurated by the adoption of our State Constitution. It cannot yet be said, in respect to our system of laws, "old things are passed away; behold, all things are become new." While we have a new judiciary, established by the Constitution, wherein there is no Probate Court, as a distinct member of that system, we have the old body of statute laws, which was modeled to apply to the territorial system in which there was a distinct Probate Court; which statutes are still in force as State laws, in so far as the same are not inconsistent with the Constitution. (Const. Schedule, § 1.)

. By a provision of the Constitution the original jurisdiction of the District Courts thereby established is extended over the whole field of "matters of probate." (Const. art. viii. § 11.) By this provision "all matters of probate," and necessarily the administration of all laws relating thereto, are now under the original jurisdiction of the District Courts. In order to make the statutes relating to probate matters and Probate Courts apply to the District Courts under the new system, it is provided in the Constitution (Schedule, § 4), that the term "probate," where it occurs in the statute, in the combination "probate judge," or "Probate Court," is eliminated, and the

term "district" is inserted in lieu thereof. What change has these provisions of the Constitution wrought, in reference to appeals to the Supreme Court in probate matters? We have seen how, under the old system, the probate matters enumerated in section 445 (Code Civ. Proc.) were brought under the jurisdiction of the District Court. When a party feeling aggrieved by the final determination of the matter by that court sought to appeal, he found in the organic law a provision that "writs of error, bills of exception, and appeals shall be allowed in all cases from the final decisions of the District Courts to the Supreme Court . . . . under such regulations as may be prescribed by law." (§ 1869, Rev. Stats. U. S.) Turning to the statutes of the Territory, he found in section 444 (Code Civ. Proc.) a provision that "an appeal may be taken to the Supreme Court from the District Courts in the following cases: *First*, from a final judgment, or any part thereof, entered in an action or special proceeding commenced in those courts, or brought into those courts from other courts." In section 421 (Code Civ. Proc.) was found prescribed the *time* within which such appeal must be taken, in the following terms: "An appeal may be taken: . . . . From a judgment rendered on an appeal from an inferior court, within ninety days after the entry of such judgment." He also found in the Code of Civil Procedure statutes prescribing the grounds upon which he could move for a new trial, and section 327 of the Probate Practice Act, directing that *in probate proceedings* either party "may move for a new trial upon the same grounds and errors, and in like manner as provided in the Civil Practice Act for civil actions." It is further provided in section 323 of the Probate Practice Act that, "except as otherwise provided in this title, the provisions of the Civil Practice Act . . . . are applicable to and constitute the rules of practice in the *proceedings* mentioned in this title." This provision is comprehensive, and refers to proceedings in all matters of probate in whatever court adjudicated. Now under the new system these provisions of the Compiled Statutes are all in force, with this modification as to "probate matters": These matters are now within the original jurisdiction of the District Court. (Const. art. viii. § 11.) Proceedings in probate matters are commenced and determined in

that court, and hence the provisions of section 444 and 421, quoted *supra*, as to appeals from final judgment "rendered on an appeal from an inferior court," do not now apply to probate matters. Appeals to the Supreme Court from final judgments, orders, or decrees of the District Courts, that is, orders, decrees, or judgments, which in their nature amount to a "final determination of the rights of the parties in the proceeding" (§ 238, Code Civ. Proc.), in the administration of the laws pertaining to probate matters, are now to be taken under the provisions relating to appeals "from a final judgment in an action or special proceeding commenced in the court in which the same is rendered" (§ 421, Code Civ. Proc.); subject to all other provisions relating to motions for new trials and the review of evidence on appeal, etc., if such relief is sought. (§ 327, Prob. Prac. Act.)

It is objected that the term "judgment," as used in the Code of Civil Procedure, and especially as used in sections 421 and 444 thereof, was not intended by the framers of the Code to apply to or include an order or decree of the court exercising probate jurisdiction, directing the distribution of an estate, as in the case at bar; or granting letters testamentary or of administration, or refusing the same; or an order made upon the settlement of an executor, or administrator, or guardian, etc.

What is a "judgment" in contemplation of our Code of Civil Procedure? It is not necessary to look beyond that instrument for a definition of the term. Section 238 (Code Civ. Proc.) defines the term as follows: "A judgment is the final determination of the rights of parties in an action or proceeding." There is a large class of matters or subjects arising in the administration of probate matters, susceptible of final determination by the court exercising probate jurisdiction, so far as concerns the action of that court; like the subject at bar, an order or decree directing the distribution of the estate. This certainly comes under the head of a "proceeding," and the action of the court was a final determination of the rights of all parties claiming a right of succession to said estate, or a part thereof. It is plain that the action of the court, by whatever term it may be designated, has all the elements of a judgment under the statutory definition. If the term "judgment" was

not defined by the Code, it would be found that the general definition of the term includes in its scope an order like that in the case at bar. (Anderson's Law Dict. 576.)

It can be demonstrated by the provisions of the Code of Civil Procedure that the term "judgment," as therein defined, was intended to include and apply to such orders or decrees in purely probate matters, as that involved in the case at bar; and further, that the general provisions of chapters 1 and 2, title 11, Compiled Statutes, were intended to provide for appeals to the Supreme Court from the "final determination of the rights of the parties" in proceedings pertaining to purely probate matters as well as formal litigation. The matters of probate susceptible of final determination by the court exercising jurisdiction over the same are grouped together in section 445 of the Code of Civil Procedure, such as: "Admitting a will to probate, or refusing the same; setting apart property, or making an allowance to the widow or children; granting letters testamentary or of administration, or appointing a guardian, or refusing to grant such letters or make such appointment; or an order or decree by which a debt, claim, legacy, or distributive share is allowed or payment thereof directed, or by which such allowance or direction is refused," etc. All the proceedings in purely probate matters there mentioned are made appealable from the Probate to the District Court. (§ 445, Code Civ. Proc.)

In referring generally to appeals from the Probate Court, provided for in chapter 3, title 11 (Code Civ. Proc.), section 450 of that chapter provides that "the appeal shall be taken by filing with the clerk of the court in which the *judgment* appealed from is entered . . . . a notice stating the appeal from the same." Here the term "judgment" is applied indiscriminately to the final determination of the rights of parties in matters purely probate, as well as to matters of formal litigation in the Probate Court. These matters of probate being appealed to the District Court, all the original papers pertaining to the case, with a transcript of the docket, were by section 454 (Code Civ. Proc.) directed to be transmitted to the District Court. Section 457 of the same chapter provides: "That all appeals taken by virtue of this act shall be tried in the District Court upon the papers in the case, as if the same had originally

been instituted in said court." The matters of probate thus appealed received the final determination of the District Court. Now section 444 (Code Civ. Proc.) contains the provision that: "An appeal may be taken to the Supreme Court from the District Courts in the following cases: *First,* from a final judgment, or any part thereof, entered in an action or special proceeding commenced in those courts, or brought into those courts from other courts." Turning to section 421 (Code Civ. Proc.), we find again the provision among others that "an appeal may be taken . . . . from a judgment rendered on an appeal from an inferior court." These terms are general, comprehensive, and apply to judgments rendered by the District Court in those cases which were in that court on appeal from an inferior court, without distinction between probate matters and matters of formal litigation; so that it is conclusive that the term "judgment," as used in sections 421 and 444 (Code Civ. Proc.), refer to the "final determination of the rights of parties" in all the matters of probate mentioned in section 445 appealable to the District Court, as well as to matters of formal litigation.

Bearing in mind that the legal definition of the term "judgment" is "the final determination of the rights of parties in an action or proceeding," it will be interesting to notice a little further what terms the framers of our Codes employ in referring to matters purely probate. The term "proceeding" is used in the Probate Code as a general designation of the action and procedure whereby the law is administered upon the various subjects within the probate jurisdiction. Section 1 of the Probate Practice Act provides: "The *proceedings* of the Probate Courts shall be construed in the same manner and with like intendments as the proceedings of courts of general jurisdiction." Section 5 of the Probate Practice Act provides that "the seal of the court need not be affixed to any *proceedings* therein, except," etc. Section 328 of the Probate Practice Act provides that "at or before the hearing of petitions and contests for the probate of wills; for letters testamentary or of administration; for sales of real estate, and confirmations thereof; settlements, partitions, and distributions of estates; setting apart homesteads, and *all other proceedings* where all the parties

interested in the estate are required to be notified thereof," the
court may appoint counsel to represent, "in all such *pro-
ceedings,*" certain parties interested who "are unrepresented."
Where a contest may be raised and a final determination made
by the court respecting any subject involved in the adminis-
tration of an estate, the Probate Code terms the same a *pro-
ceeding,* and directs the procedure therein to conform as nearly
as the nature of the case will admit to the practice governing
the formation and trial of issues in civil actions; and expressly
declares that the provisions of the Code of Civil Procedure
"are applicable to and constitute the rules of practice in the
proceedings mentioned in" the Probate Court, except as other-
wise provided therein. (§§ 323, 326, 327, 328, 330, 20, 21,
22, 164, 165, 166, 287, Prob. Prac. Act.) The terms "cases,"
"cause," and "judgment" are likewise applied by the Code of
Civil Procedure to proceedings of distinct inquiry and determi-
nation by the court in matters of probate as well as to matters
of formal litigation. (§§ 445, 450, 454, 457, Code Civ. Proc.)

A careful study of the Code will reveal the fact that the
terms "case" and "proceeding" are used in a much broader
and less technical sense than the term "action." Section 697
(Code Civ. Proc.) provides: "The Supreme Court shall have
appellate jurisdiction in all *cases* tried in the District Courts."
This statute is no less in force now than under the territorial
system, for it is in entire harmony with section 15, article viii. of
the Constitution, which provides: "Writs of error and appeals
shall be allowed from the decisions of the District Courts to the
Supreme Court under such regulations as may be prescribed by
law." The District Courts now have original jurisdiction of
"all matters of Probate." (Const. art. viii. § 11.) We think
the final determination by those courts of cases in the probate
department of their jurisdiction, susceptible of final determina-
tion, such as are enumerated in section 445 of the Code of Civil
Procedure, ought still to be regarded as final judgments of the
District Courts, and where appeal to the Supreme Court is
sought, the same must now be taken under the regulations pre-
scribed for appeals "from final judgment in an action or special
proceeding commenced in the court in which the same is ren-
dered." (Code Civ. Proc. chs. 1, 2, tit. 11.)

It is ordered that the motion to dismiss the appeal herein be, and the same is overruled.

BLAKE, C. J., and DE WITT, J., concur.