STATE ex Rel. LLOYD et al., Relators, *v.* DISTRICT COURT et al., Respondents.

(No. 7,726.)

(Submitted September 21, 1937. Decided October 22, 1937.)

[72 Pac. (2d) 1014.]

*Mr. M. S. Galasso,* for Relators, submitted a brief and argued the cause orally.

*Mr. R. Lewis Brown* and *Messrs. Emigh & Murray,* for Respondents, submitted an original and a reply brief; *Mr. Brown* and *Mr. J. F. Emigh* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an application for a writ of prohibition. Relators Charles F. Lloyd and Alonzo E. McCertney seek to prohibit and restrain the district court of Deer Lodge county from hearing and deciding a contempt proceeding on the merits, and also to prohibit and restrain receivers heretofore appointed by that court from obtaining possession or title to certain mining claims mentioned in the receivership and contempt proceedings.

Briefly summarized, the affidavit for the writ details the following facts: That relators are the owners and were in possession of certain mining claims; that a receivership action was commenced in Deer Lodge county by a majority stockholder against the National Boston Montana Mines Corporation and two other affiliated corporations; that relators were also named as defendants along with certain officers of the respondent company; and that on November 2, 1936, a temporary receiver was appointed by the court for all of the companies' property as listed and described in the exhibit attached to the order of appointment.

On November 25, 1936, relators filed a demurrer to the complaint in the receivership matter, but the demurrer never came on for argument or decision. On March 31, 1937, an order was made discharging the temporary receiver and appointing permanent receivers in the same proceeding. The permanent receivers were directed to take over all property and assets theretofore in the hands or possession of the temporary receiver, and to take into their possession all of the property and assets of every kind and description belonging to the defendants. On the same day the receivership action was ordered dismissed as to the relators.

It is then recited that the defendant corporation, owner of the assets in receivership, had no right or ownership in the mining property claimed by relators, except the right to receive a mining deed of conveyance in return for the performance of certain conditions contained in an agreement with defendant corporation's trustee. This agreement related to an account stated for wages due relators from the company. It is further recited that relators had peaceable possession of the mining claims until the receivers trespassed, which trespass was resisted, resulting in the ousting of the receivers from the property; that permission was then given relators by the court to sue the receivers concerning the property and the claims for money due, and that on July 7, 1937, a suit was instituted in Silver Bow county by relators against the defendant corporation, its trustee and the receivers. This suit was for wages and expenses and money advanced to

the corporation, and is still pending. On the next day, July 8, 1937, relators filed a suit against the corporation and its re- ceivers in the district court of Beaverhead county, wherein the mining property is situated, for the purpose of quieting title to the mining claims in controversy. A temporary injunction was therein issued and served upon the defendants, respondents here, restraining the receivers from interfering with the possession of relators.

On July 12, 1937, an affidavit was filed in the receivership proceeding in Deer Lodge county, and an order and citation for contempt issued and was served upon relators. The affidavit charged that the receivers had taken peaceable and absolute possession of the mining claims involved and held the same until ousted and dispossessed by relators. The relators appeared in conformity with the command of the court and entered separate motions to quash the citation. The grounds upon which the motions to quash were made were several, but chiefly to the effect that the court did not have jurisdiction, insufficiency of the affidavit which contained the charge of contempt, and that the affidavit was ambiguous, uncertain, and unintelligible. The motions were presented to the court and, apparently, were argued. They were evidently considered by the court as having the effect of demurrers. The view of the court was correct. (Compare *State ex rel. State Publishing Co.* v. *Hogan,* 22 Mont. 384, 56 Pac. 818.) The motions were overruled and relators were directed to file their answer and be ready for trial of the contempt proceeding within the time fixed by the court. No answer was filed, but, instead, relators obtained an alternative writ of prohibition from this court temporarily restraining the district court from proceeding.

The affidavit filed herein recites that, after the judge had ruled on the motions to quash, he stated that if upon the hearing of evidence in the contempt proceeding it appeared that relators had acquired the mining property by relocation while they were the employees of one of the corporations named in the receivership proceedings, he would not deem such rights of location and consequent possession of any force or effect, but would

find relators guilty of contempt and punish them accordingly. We must assume that the court meant to say that he would find them guilty if the charges were otherwise proven, regardless of that fact. In effect the judge said that he would not recognize the relocation and possession of relators in such circumstances as a substantial defense to the charge of contempt, which was that the relators had unlawfully and in defiance of the receivership orders dispossessed the receivers and taken and held possession of the mining property.

In view of this state of the record, and because of the statement of the judge, relators urged that the judge had disqualified himself, and they tried to prevail upon him to call in another judge to hear the contempt proceeding. The judge did not agree with relators' contention and refused to disqualify himself.

This application seeks to prevent the judge from proceeding further in the contempt matter. It is asserted by relators that the district court is without jurisdiction to try them for the alleged contempt because the matter involves the ownership of property claimed by the receivers, on the one hand, as the property of the corporation, and by relators, on the other, as their property.

Separate motions to quash and answers were filed here. It is not necessary to discuss the specific grounds therein urged, but it is sufficient to say that they directly and emphatically challenge the position taken by relators.

It is, of course, elementary that title to property cannot be tried in a contempt proceeding. (53 C. J., sec. 138, p. 115; 1 Clark on Receivers, 2d ed., sec. 631, p. 860; High on Receivers, 4th ed., sec. 172, p. 204; *Strain* v. *Superior Court,* 168 Cal. 216, 142 Pac. 62, Ann. Cas. 1915D, 702.) The ownership of the property in this instance was not a proper subject of controversy in the contempt matter. The record discloses that the gist of that proceeding and the issue there involved was possession, as distinguished from ownership. (See 2 Tardy's Smith on Receivers, sec. 775, p. 2089.)

286

Some contention was made that the receivership proceedings were not specific enough in the description of property to warrant the receivers in taking possession of the particular property under the authority of the court. A careful reading of all the record in the receivership proceedings convinces us that this point cannot be sustained.

The decision of the last-mentioned point carries with it another fundamental and elementary proposition, which is that, when the court issued proper receivership orders in the premises, the same court had the authority and power to vindicate and enforce such orders and to protect the possession of all of the property actually turned over to the receivers. Title to the property was not necessary or essential to enable it to carry out its orders. (23 R. C. L., sec. 70, p. 64; Tardy's Smith on Receivers, supra; High on Receivers, 4th ed., sec. 163, p. 191; 1 Clark on Receivers, sec. 627, p. 855.) It is then apparent that the court was acting within jurisdiction in the contempt proceeding.

We think the relators were here vexed with the trouble mentioned by this court in the case of *Cocanougher* v. *Montana Life Ins. Co.,* 103 Mont. 536, 64 Pac. (2d) 845, 848. There it was said: "Whether or not a court has jurisdiction of an action is often a troublesome question, and much confusion of thought is found in the discussion of this subject. There is a manifest distinction between the right to decide and a right decision."

We think it is manifest that the court had jurisdiction to decide the contempt matter. We likewise think it is clear that the court was not attempting to adjudicate the title to the mining property.

The claim is made by the relators that the affidavit upon which the contempt proceeding was based was not sufficiently informative to give them notice of the charges and did not recite details to justify the court in proceeding. It must be remembered that a contempt proceeding is essentially criminal in character, and that it is subject to the rules of procedure applicable to criminal cases. (*State ex rel. Tague* v. *District Court,* 100 Mont. 383, 47 Pac. (2d) 649.) If, then, the charge lodged

against the alleged contemnors—in this instance by affidavit— was not sufficient in detail properly to advise them of the charge they had to answer, they were entitled to demand a bill of particulars. (*State* v. *Hahn*, ante, p. 270, 72 Pac. (2d) 459; *State* v. *Kurth*, ante, p. 260, 72 Pac. (2d) 687; *State* v. *Stevens*, 104 Mont. 189, 65 Pac. (2d) 612.) This remedy is available to them yet, and we think will afford them all the relief and protection they are entitled to in the circumstances, if the trial court, in the exercise of its judicial discretion, thinks it a proper case in which to grant the request.

Mindful of the provisions of our statute, section 9861, Revised ▉ Codes, this court has consistently refused the writ of prohibition to arrest the proceedings of a trial court while acting within jurisdiction. (*State ex rel. Sands* v. *District Court*, 95 Mont. 427, 26 Pac. (2d) 970.) This court has often required that trial courts acting within jurisdiction should proceed to a full decision of the issues before them. (*State ex rel. Brophy* v. *District Court*, 95 Mont. 479, 27 Pac. (2d) 509, and cases therein cited.) It would, indeed, be inconsistent to restrain a trial court from doing just what this court has so often compelled.

The right to hear and decide the matter carries with it the right to make a wrong decision. (*State ex rel. Ellan* v. *District Court*, 97 Mont. 160, 166, 33 Pac. (2d) 526, 93 A. L. R. 865; *State ex rel. Stagg* v. *District Court*, 76 Mont. 495, 497, 248 Pac. 213, and cases therein cited; compare, also, *State ex rel. Goodhue County Bank* v. *District Court*, 96 Mont. 600, 31 Pac. (2d) 837.) In ordinary proceedings there is a right of appeal, ▉ and an erroneous decision may thereby be reviewed. Here there is no direct appeal; however, the statute does provide a remedy. Section 9921, Revised Codes, provides: ''The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive, and there is no appeal; but the action of a district court or judge can be reviewed on a writ of certiorari by the supreme court.'' (*State ex rel. Tague* v. *District Court*, supra.)

It must be manifest that the pendency of the action to decide the ownership of the claims can have no decisive effect in the contempt proceeding. It may be possible that in the course of the trial of the contempt proceeding, which has not yet been held, some of the facts with relation to the controversy might be admissible for the purpose of explaining and, perhaps, mitigating the effect of the charges contained in the affidavit charging contempt. However, all of these things must of necessity be subject to the discretion of the trial court in the proper exercise of its powers in the trial of the cause.

In view of what we have said, it is apparent that the relators in this proceeding have mistaken their remedy; that they have attempted to short-cut and prevent the court from actually hearing and deciding the contempt proceeding. This, we think, is not proper. The writ is denied and the proceeding dismissed.

ASSOCIATE JUSTICES ANDERSON, MORRIS and ANGTSMAN concur.

MR. CHIEF JUSTICE SANDS:

I dissent. By this proceeding it is sought to prohibit the district court of Deer Lodge county from trying the relators for an alleged contempt of court. The meat of the controversy is the disobedience of an order made by that court in a case in which it had appointed a receiver to take charge of real and personal property in a county (Beaverhead) outside the district over which the court has jurisdiction.

The alleged contempt was not committed in the presence of the court. The affidavit reciting the facts upon which the contempt is based alleges a re-entry by these relators after the receiver had assumed possession under the ex parte appointment by such district court and order thereunder. No adjudication of the right of possession is alleged or claimed. A mere order of the district court under such circumstances could not constitute a foundation for contempt, unless bad faith in the possession by relators is made to appear in the affidavit charging the contempt. It would be the taking of property without trial of a disputed right.

In the case of *Baker* v. *Butte Water Co.,* 40 Mont. 583, 107 Pac. 819, 135 Am. St. Rep. 642, the syllabus succinctly states the law laid down in that case: "Neither contempt proceedings nor a writ of possession were proper remedies to restore plaintiff in an ejectment suit, to the possession of premises adjudged to belong to him and from which he alleged he was ousted by the successor in interest of the defendant in the preceding action, under the assertion of a right not adjudicated theretofore; since proceedings in contempt could not be resorted to to determine a claim not affected by the previous decree, and the writ of possession could only restore him to the rights adjudged to him by it."

Another important observation, not appearing in this case nor found in the Baker-Butte Water suit, raises another very important issue. The real property concerning which the controversy arose is in a different county from that in which the contempt proceeding arose. The Constitution, section 11, Article VIII, under the title "District Courts," provides that their process shall extend to all parts of the state, provided that all actions for the recovery of, the possession of, or quieting title to real property shall be commenced in the county in which it, or any part thereof, affected by such action, is situated.

If the district court of Deer Lodge county has no jurisdiction to try title and has not, in fact, attempted to do so, how can it find anyone guilty of contempt for disobeying its order pertaining to possession? To ask the question is to answer it.

If the allegations of the receivers are true, a delay of justice is in the offing, but to accept such ex parte statements and act upon them as true would be premature. It appears that an action to determine the right of possession to the real property in controversy is now pending in the county of Beaverhead, and a temporary order has been issued by that court awarding possession to the relators herein. It would appear to me, therefore, to be eminently proper to await the finding of the court where the jurisdiction resides, before proceeding further with this contempt proceeding. A finding of contempt by the Deer Lodge county court would permit two directly opposite orders which would present a serious conflict of authority. This conflict we

should avoid by all means. Therefore I dissent from the opinion of my associates.

Rehearing denied November 13, 1937.