STATE ex Rel. LANGAN et al., Relators, *v.* DISTRICT COURT et al., Respondents.

(No. 8,165.)

(Submitted November 7, 1940.   Decided November 14, 1940.)

[107 Pac. (2d) 880.]

*Mr. Otis A. Hallett* and *Mr. H. C. Hall,* for Relators, submitted a brief; *Mr. Hall* argued the cause orally.

*Mr. C. D. Borton, Mr. C. H. Roberts* and *Mr. James T. Shea,* for Respondents, submitted a brief; *Mr. Shea* argued the cause orally.

MR. JUSTICE ARNOLD delivered the opinion of the court.

B. P. Langan, as executor of the will of Jose Azcarraga, deceased, and Fermin Ojuel, an heir and beneficiary under the will of the deceased, filed in this court their petition praying for an alternative writ of supervisory control commanding the respondent district court of Valley county to show cause why a peremptory writ should not issue reversing an order of that court which denied the petitioners' demand for security for costs from certain nonresident will contestants.

The uncontroverted facts upon which the proceeding is based are as follows: The will of the deceased was admitted to probate in Valley county, Montana, on October 16, 1939, and B. P. Langan, who was named as executor in the will, qualified as such executor upon his appointment. On June 21, 1940, Augustine Ojuel and Marie Azcarraga, nonresidents of Montana, being residents of Spain and heirs of the deceased, instituted proceedings contesting the will which had been admitted to probate. The petitioners herein filed their joint motion demanding security for costs under the provisions of section 9807, Revised Codes, which reads as follows: "When the plaintiff in an action resides out of this state, or is a foreign corporation, security for the costs and charges, which may be awarded against such plaintiff, may be required by the defendant. When required, all proceedings in the action must be stayed until an undertaking, executed by two or more persons, is filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of three hundred dollars. A new or an additional undertaking may be ordered by the court or judge, upon proof that the original undertaking is insufficient security, and proceedings in the action stayed until such new or additional undertaking is executed and filed."

The district court denied the motion on the ground that a will contest is not an "action" as that word is used in section 9807, supra. From the brief of respondents it appears that they base their contention principally upon a California decision construing a similar section in the California Code, holding that the word "action" did not include a will contest, such contest being a special proceeding. (*In re Joseph's Estate,* 118 Cal. 660, 50 Pac. 768.) It is pointed out that after the California court's decision the legislature of that state amended the law relating to security from nonresident plaintiffs by adding, after the word "action," the phrase "or special proceedings." (Code Civ. Proc., Cal., sec. 1036, now sec. 1030.) No doubt the amendment by the California legislature was for the purpose of circumventing the decision of the California court, which decision was made after the adoption of the Montana Codes.

We believe, however, that the reasoning in the California case is not persuasive and that the Montana section above referred to, where it uses the word "action," includes will contests. The purpose of the section, of course, is to provide a method for collecting costs from a nonresident plaintiff who might commence a groundless action and escape the consequences of a judgment for costs by reason of his nonresidence.

In construing a statute courts must look to the language employed and the object sought to be accomplished. (*Swords v. Simineo,* 68 Mont. 164, 216 Pac. 806.) Section 4, Revised Codes, reads as follows: "The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to the codes or other statutes of the state of Montana. The codes establish the law of this state respecting the subjects to which they relate and their provisions and all proceedings under them are to be liberally construed with a view to effect their objects and to promote justice."

It is noted that section 9807 does not exclude will contests in its language. In 1 C. J. S., Actions, section 1, at page 937, the term "action" has been defined as follows: "As referring to procedure it has been defined, in a broad sense, as a proceeding by one party against another to try their mutual rights; a proceeding in a court, whether of equity or law; a demand or legal

proceeding in a court of justice to secure one's rights; the formal means or method of pursuing and recovering one's right in a court of justice; the prescribed mode of enforcing a right in the proper tribunal; a remedial instrument of justice whereby redress is obtained for any wrong committed or right withheld; a proceeding at law to enforce a private right or to redress a private wrong; an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense; a judicial proceeding, either in law or equity, to obtain certain relief at the hands of the court or for the prevention or redress of a wrong; a judicial proceeding which will, if prosecuted effectually, result in a judgment.'' See, also, to the same effect section 8997, Revised Codes.

Referring to the statutes relating to contests of wills, we find that the Montana legislature has beyond doubt classified such contests in the same category as ordinary civil actions. Section 10032, Revised Codes, sets forth the method for contesting a will. Subdivision 4 of that section provides, among other things, that on the trial the contestant is plaintiff and the petitioner (for probate of the will) is defendant. Section 10033 provides that when a jury is demanded, it must be impaneled and the trial conducted as in other civil actions.

We conclude, therefore, that the provision of section 9807 which requires security for costs on demand where the plaintiff is a nonresident, applies with equal force to will contests which proceedings are included in the term ''action'' as used in that section. Accordingly the respondents' motion to quash is denied, and judgment is awarded granting a peremptory writ as prayed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ERICKSON concur.