STATE ex rel. REID, Relator, v. DISTRICT COURT of FIFTH JUDICIAL DISTRICT in and for MADISON COUNTY, et al., Respondents.

No. 9273.

Submitted February 26, 1953.   Decided April 24, 1953.

256 Pac. (2d) 546.

Mr. Ralph J. Anderson, Helena, Mr. Frank E. Blair and Mr. John M. Comfort, Virginia City, for appellant.

Messrs. Wellington D. Rankin and Arthur P. Acher, Helena, Mr. Lyman H. Bennett, Jr., Bozeman, Mr. Charles L. Zimmerman, Virginia City, for respondents.

Mr. Anderson, Mr. Rankin and Mr. Acher argued orally.

MR. CHIEF JUSTICE ADAIR:

On March 17, 1950, the relator George H. Reid instituted this proceeding for the administration of the estate of Margaret G. Reid, deceased, by filing in the district court of the fifth judicial district of the state of Montana, in and for the county of Madison, a petition for the appointment of relator as special administrator of the estate and a petition for the admission to probate, as decedent's last will, of a certain writing dated November 3, 1941, nominating and appointing relator as executor. See State ex rel. Reid v. District Court, 126 Mont. 489, 255 Pac. (2d) 693.

*Disqualification of Judge Bennett.* The Honorable Lyman H. Bennett, Sr., Judge presiding in the above district court, prior to his election to the bench and while engaged in the private

practice of law, having acted as attorney for the decedent in the preparation of the writing so offered for probate, being disqualified in the proceeding, called in the Honorable Benjamin E. Berg, district judge of the sixth judicial district of the state of Montana to preside in his place and stead pursuant to the provisions of R. C. M. 1947, sec. 91-2001.

*Disqualification of Judge Berg.* On the date of the making of the order so requesting him to preside in the proceeding, Judge Berg accepted jurisdiction whereupon, on March 18, 1950, the relator George H. Reid filed an affidavit of disqualification against Judge Berg for imputed bias under the provisions of R. C. M. 1947, sec. 93-901, subd. 4.

*Transfer of Proceeding to Silver Bow County.* Thereupon, on March 24, 1950, Judge Bennett, acting under the authority of R. C. M. 1947, sec. 91-2002, made and filed an order directing that the proceeding be transferred to the district court of the second judicial district of the state of Montana, in and for the county of Silver Bow, pursuant to which order all papers, files and matters in the proceeding were transferred to the latter court whereupon the Honorable T. E. Downey, a judge of said court, assumed jurisdiction of the proceeding and thereafter made an order appointing relator special administrator of decedent's estate.

On April 10, 1950, Alvin F. Reid and Almon G. Reid filed in the district court of Silver Bow county a contest challenging the validity of decedent's claimed will so offered for probate and, following a jury trial, judgment on the verdict was entered on May 16, 1951, adjudging the alleged will to be invalid and refusing to admit it to probate.

No appeal was taken from such judgment and in July 1951, sixty days after its entry, it became final. Thereafter Alvin F. Reid and Almon G. Reid petitioned for and were granted general letters of administration in the estate.

*Disqualification of Judge Downey.* In July 1952, the relator George H. Reid made and filed an affidavit disqualifying Judge Downey for imputed bias under the provisions of R. C. M. 1947,

sec. 93-901, subd. 4, whereupon Judge Downey made an order calling in the Honorable John B. McClernan, he being the other judge of the second judicial district in and for the county of Silver Bow.

Thereafter the governor, by executive order given August 30, 1952, appointed the Honorable John Collins Judge of ;the fifth judicial district to fill the vacancy occasioned by the resignation of the Honorable Lyman H. Bennett, Sr., as judge of such district.

Next, and pursuant to an order given by Judge McClernan, all papers and files in the proceeding were sent back to the district court of the fifth judicial district in and for the county of Madison.

On September 9, 1952, a petition was filed in the proceeding seeking an order determining and allowing attorneys' fees for the three attorneys representing the general administrators, Alvin F. Reid and Almon G. Reid.

*Disqualification of Judge Collins.* On December 12, 1952, Almon G. Reid, one of the general administrators of the estate, filed in the office of the clerk of the district court of Madison county, an affidavit of disqualification against Judge Collins for imputed bias under the provisions of section 93-901, subd. 4, supra.

On December 24, 1952, Judge Collins made and filed an order calling in the Honorable John B. McClernan, then and now a; judge of the district court of Silver Bow county, to hear and determine the matters pending in the matter of said estate.

On December 29, 1952, Judge McClernan, by written acceptance thereafter filed in the office of the clerk of the district court of Madison county, accepted the call and for a second time assumed jurisdiction of the proceeding.

Thereafter the Honorable Philip C. Duncan succeeded Judge Collins as district judge of the fifth judicial district, Judge Duncan having been elected for a four-year term commencing on January 5, 1953.

Thereafter the petition for allowance of attorneys' fees was

set for hearing before Judge McClernan for January 21, 1953, and notice thereof was served upon George H. Reid's counsel.

· *Affidavit of Disqualification Against Judge McClernan.* On January 12, 1953, the relator George H. Reid filed an affidavit of disqualification against Judge McClernan for imputed bias under the provisions of section 93-901, subd. 4, supra.

*Notice of Motion to Strike Affidavit.* On January 14, 1953, counsel for the general administrators, Alvin F. and Almon G. Reid, served and filed written notice that on January 21, 1953, they would present to the court a motion for an order to strike from the files the above affidavit of disqualification so directed against Judge McClernan, asserting that the affidavit is void and of no effect for the reason that the relator George H. Reid had already disqualified two district judges for imputed bias in the proceeding and was and is prohibited by the provisions of R. C. M. 1947, sec. 93-901, subd. 4, from disqualifying a third judge on such ground.

*Disqualifying Affidavit Stricken.* On January 21, 1953, Judge McClernan heard, considered and granted' the motion to strike the affidavit of disqualification so directed against him, following which Judge McClernan proceeded to hear the petition for the allowance of attorneys' fees for counsel representing the general administrators which matter the judge then took under advisement with the announcement that his ruling and decision thereon would be given upon his return to the district on January 29, 1953.

Also on January 21, 1953, the general administrators filed a petition seeking a court order for the allowance to them of administrators' fees and such petition was thereupon set for hearing for January 29, 1953.

*Original Proceeding No. 9273.* On January 24, 1953, and prior to the making of any ruling by the court on either the petition for the allowance of fees for the attorneys or on the petition for the allowance of fees for the general administrators, the relator George H. Reid filed in this court the instant original proceeding No. 9273, seeking a writ of prohibition to be directed against

the respondents, the district court of Madison county and the Honorable John B. McClernan, as district judge therein presiding, in the matter of the administration of decedent's estate, commanding respondents to reinstate relator's affidavit of disqualification so directed against Judge McClernan and commanding that such judge cease and desist from assuming jurisdiction or continuing to assume jurisdiction or to pass upon any matter or thing in the matter of decedent's estate or to show cause why he does not do so. Upon the filing of relator's petition therefor this court caused an alternative writ of prohibition to issue to which respondents interposed a motion to quash contending that relator's petition fails to state facts sufficient to show him to be entitled to the writ or to the relief sought.

In this jurisdiction, judicial remedies administered by the ▋ courts of justice or by judicial officers are divided into two classes, namely, (1) actions, and (2) special proceedings. R. C. M. 1947, secs. 93-2201 and 93-2202.

"An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." R. C. M. 1947, sec. 93-2203.

"Every other remedy is a special proceeding." R. C. M. 1947, sec. 93-2204.

State ex rel. Carleton v. District Court, 33 Mont. 138, 142, 82 Pac. 789, 8 Ann. Cas. 752, holds that all proceedings to enforce a remedy, not falling technically under the statutory definition of the term action, sec. 93-2203, are classed under the head of "special proceedings." Sec. 93-2204, supra. See State ex rel. City of Miles City v. Northern Pac. Ry., 88 Mont. 529, 550, 295 Pac. 257.

The administration of an estate of a deceased person is neither ▋ an action at law nor a suit in equity but it is a special proceeding.

A proceeding for the administration of an estate of a deceased person advances step by step through various stages of the proceeding and involves successive determinations in the course

of such proceeding. In re Dougherty's Estate, 34 Mont. 336, 343, 86 Pac. 38.

The term ''proceeding'' is used in the Probate Code as a ██ general designation of the entire judicial procedure employed whereby the law is administered upon the various subjects within the probate jurisdiction. In re McFarland's Estate, 10 Mont. 445, 452-455, 26 Pac. 185, 189.

R. C. M. 1947, sec. 91-4311, provides that except as otherwise provided in Title 91, R. C. M. 1947, the provisions of Title 93, R. C. M. 1947, are applicable to and constitute the rules of practice in the proceedings mentioned in Title 91, supra, in which title are mentioned, *inter alia,* probate proceedings and proceedings for the administration of the estate of a deceased person.

Civil actions in the courts of record of this state are commenced by filing a complaint, R. C. M. 1947, sec. 93-3001, and since, under the provisions of R. C. M. 1947, sec. 91-4311, supra, the same rule is made applicable to a proceeding for the administration of the estate of a deceased person, such proceeding is commenced by the filing of the initial petition seeking judicial remedies administered by a court or judge exercising probate jurisdiction. R. C. M. 1947, secs. 93-2201 to 93-2204.

The relator George H. Reid commenced probate proceeding No. 1,709, entitled ''In the Matter of the Estate of Margaret G. Reid, deceased'' by the simultaneous filing in the office of the clerk of the district court of Madison county, on March 17, 1950, of two petitions invoking the jurisdiction of such court to make certain orders and to grant him certain relief in the matter of the administration of his mother's estate. It is wholly immaterial as to whether the clerk first entered in his records the petition for appointment of a special administrator or the petition for the admitting to probate of decedent's purported will, as the filing of either, or both, initiated probate proceeding No. 1,709 for the administration of decedent's estate, which proceeding, at all times since, has been pending and advancing step by step through its various phases.

In a will contest, under the provisions of R. C. M. 1947, sec.

█ 91-901, the contestant must file written grounds of opposition to the probate of the writing offered for probate and serve a copy on the proponent and on other residents of the county interested in the estate, any one or more of whom may demur thereto upon any of the grounds of demurrer provided for in R. C. M. 1947, secs. 93-3301 to 93-3306, under which the contestant has the status of a plaintiff and the proponent the status of a defendant and thus has the legislature classified will contests in the same category as ordinary civil actions. State ex rel. Langan v. District Court, 111 Mont. 178, 181, 107 Pac. (2d) 880, 131 A. L. R. 1474.

The word "proceeding" used in R. C. M. 1947, sec. 93-901, ██ applies to a probate proceeding, thus permitting the disqualification of judges therein for imputed bias. State ex rel. Goodman v. District Court, 46 Mont. 492, 495, 128 Pac. 913. Probate proceeding No. 1,709, commenced by relator on March 17, 1950, advanced through successive stages of (1) petition for letters of special administration, (2) petition for letters testamentary, (3) disqualification of Judge Bennett, (4) calling in of Judge Berg, (5) disqualification of Judge Berg, (6) transfer of proceeding to the district court of Silver Bow county, and (7) assumption of jurisdiction by Judge Downey, when on April 10, 1950, the orderly progress of the proceeding was interrupted by the filing of the will contest which interruption continued until July 1951, when the judgment entered in the will contest became final, but which probate proceeding No. 1,709, for the administration of decedent's estate continued, continues and is still pending. Judge Downey presided throughout the entire will contest from its start to its finish, there being no disqualification of any judge therein.

Except only for the interruption from April 10, 1950, to July 1951, occasioned by the will contest, probate proceeding No. 1,709, for the administration of decedent's estate, is to be treated as one indivisible judicial proceeding from its commencement on March 17, 1950, to such unknown time in the

distant future as the last administrator shall be given his final discharge therein.

In the one and same indivisible probate proceeding No. 1,709, the relator George H. Reid had already disqualified Judge Berg and Judge Downey for imputed bias and his attempt to disqualify Judge McClernan on the same ground was and is futile,—of no effect and prohibited by express statute which says: ''No more than two judges can be disqualified for bias or prejudice, in said action or proceeding, at the instance of the plaintiff, and no more than two at the instance of the defendant, in said action or proceeding, and this limitation shall apply however many parties or persons in interest may be plaintiffs or defendants in such action or proceeding.'' R. C. M. 1947, sec. 93-901, subd. 4.

On December 12, 1952, at the time the disqualifying affidavit was filed against him, and on December 24, 1952, at the time he made his order calling in another judge, Judge Collins was then the one and only qualified district judge of the fifth judicial district and on such dates only he was empowered, under the provisions of section 93-901, subd. 4, supra, to make the order calling in Judge McClernan to preside in probate proceeding No. 1,709.

When Judge McClernan accepted the invitation and assumed jurisdiction in the proceeding, Judge Collins was still the one and only duly appointed, qualified and acting judge of the fifth judicial district. Thus did Judge McClernan lawfully acquire, accept and exercise jurisdiction and preside in probate proceeding No. 1,709, wherein Judge Collins had been disqualified. That Judge Duncan on January 5, 1953, succeeded Judge Collins as judge of the district court did not invalidate the lawful order theretofore made calling in Judge McClernan, nor did such fact invalidate Judge McClernan's rulings and decisions nor did it divest him of jurisdiction to preside in, hear and determine the petitions, motions and matters presented in the proceeding.

The affidavit of disqualification which relator filed against

■ Judge McClernan being wholly unauthorized and of no force or effect was properly ordered stricken from the files and, it appearing that Judge McClernan was acting within jurisdiction throughout, the writ of prohibition does not lie to restrain or prohibit him from so proceeding. State ex rel. Lloyd v. District Court, 105 Mont. 281, 287, 72 Pac. (2d) 1014.

The motion to quash the alternative writ is granted,—relator's application for a peremptory writ of prohibition or other relief is denied and the proceeding in this court is dismissed. It is so ordered.

ASSOCIATE JUSTICES BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANGSTMAN (dissenting).

I am not able to subscribe to the foregoing opinion.

In my opinion the petition of George H. Reid for the probate of the will of Margaret G. Reid and appointing him as executor thereof, was a proceeding separate and distinct from the petition of Alvin F. and Almon G. Reid for letters of administration to be issued to them. In re Richardson's Estate, 120 Cal. 344, 52 Pac. 832; 57 Am. Jur., Wills, sec. 761, p. 520; 68 C. J., Wills, sec. 599, p. 875.

The petition of George H. Reid was filed under R. C. M. 1947, sec. 91-801 et seq., while the petition of Alvin F. and Almon G. Reid was filed under R. C. M. 1947, sec. 91-1501 et seq. The second petition, that of Alvin F. and Almon G. Reid, was not filed until after the first one was heard and denied.

Each proceeding was instituted by different petitioners, and each presented different issues. The petition of George H. Reid resulted in a judgment denying the probate of the will. That judgment ended that proceeding. R. C. M. 1947, sec. 93-4701; State ex rel. Langan v. District Court, 111 Mont. 178, 107 Pac. (2d) 880, 131 A. L. R. 1474; 30 Am. Jur., Judgments, sec. 2, p. 821; 57 Am. Jur., Wills, sec. 935, p. 615. The filing of the petition of Alvin F. and Almon G. Reid thereafter for general

letters was the initiation of a new proceeding, presenting new and different issues. I find no cases holding that every estate must be probated by one indivisible judicial proceeding dating from the filing of a petition to probate a will, where as here the will was held to be invalid and another petition filed alleging intestacy.

There are cases holding that when an administrator is appointed the administration of the estate is considered as one indivisible judicial proceeding from the appointment of the administrator until his discharge. In re Dobbins' Estate, 36 Cal. App. (2d) 536, 97 Pac. (2d) 1051; Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792. And see In re Pugh's Estate, 22 Wash. (2d) 514, 156 Pac. (2d) 676, and 33 C. J. S., Executors and Administrators, sec. 12, p. 890.

But here the application of George Reid for his appointment as executor was not granted. It was denied. The will was denied admission to probate. That proceeding was ended by judgment denying the relief sought.

Here a new and separate proceeding was initiated to accomplish the administration of the estate. That proceeding was instituted by Alvin F. and Almon G. Reid. It took two separate and independent proceedings to procure the appointment of an administrator.

Under the facts here George H. Reid disqualified Judge Berg under the proceeding instituted by him in seeking the probate of the will and his appointment as executor. He disqualified Judge Downey and Judge McClernan under the proceeding initiated by Alvin F. and Almon G. Reid, which I think he had the right to do.

Since the affidavit filed by relator disqualifying Judge McClernan was only the second disqualifying affidavit used by him in the proceeding instituted by Alvin F. and Almon G. Reid, I think Judge McClernan erred in striking it from the files and erred in retaining jurisdiction of the proceeding.

MR. JUSTICE ANDERSON: (dissenting).

The facts are correctly stated in the majority opinion and I adopt them without further comment.

The Chief Justice says: "The term 'proceedings' is used in the Probate Code as a general designation of the [entire judicial procedure employed] whereby the law is administered upon the various subjects within the *probate jurisdiction.*" Emphasis supplied. In re McFarland's Estate, 10 Mont. 445, 26 Pac. 185, 188, is cited as authority.

I do not think that a probate proceeding starts until jurisdiction is invoked and I do not think jurisdiction is, in fact, invoked until someone is granted letters of administration or letters testamentary.

Following the McFarland case, this court in 1895 said: "The appellants stand before the court as having been named by the decedent as the executors of his will and testament, and as having voluntarily rendered themselves subject to the *jurisdiction* of the district court *by duly petitioning* for the probate of the will, *and by duly receiving appointments as executors,* according to law." Emphasis supplied. In re Higgins' Estate, 15 Mont. 474, 39 Pac. 506, 508, 28 L. R. A. 116.

The McFarland case announced the rule that one is subject to probate jurisdiction after petition is filed *and* order appointing is had. This has been the rule for 58 years and I see no need for changing it now, especially in view of the fact that the better line of authorities elsewhere follow the same rule. See In re Dobbins' Estate, 36 Cal. App. (2d) 536, 97 Pac. (2d) 1051, 1053, where it is said: "The administration of an estate is one indivisible judicial proceeding *from the order appointing the administrator* till his discharge." Emphasis supplied.

. In the instant case the relator exercised but one disqualification since the time jurisdiction of the probate proceeding attached and under our statute he is entitled to the relief sought here.