**SOUTHEASTERN PIPE LINE CO. et al.**
**. v. POWELL et al.**

No. 9409.

Circuit Court of Appeals, Fifth Circuit.

July 9, 1940.

Rehearing Denied Aug. 22, 1940.

William H. Rogers, of Jacksonville, Fla., A. S. Clay and Marion Smith, both of Atlanta, Ga., and T. M. Shackleford, Jr., of Tampa, Fla., for appellants.

W. R. C. Cocke, of Norfolk, Va., and F. P. Fleming, of Jacksonville, Fla., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

By the judgment appealed from the appellants, Southeastern Pipe Line Company and Williams Brothers Corporation, are held in contempt of the District Court of the United States, which appointed appellees Receivers of the Seaboard Airline Railway Company, in that the appellants without the consent of and over the protest of the Receivers by force constructed a pipe line for gasolene under the tracks and across the right of way of a railroad operated by and in possession of the Receivers, and posted guards to protect the pipe line. The pipe and the guards were required, as a purge of the contempt, to be removed in seven days.

The railroad involved is the Georgia, Florida and Alabama, which is in a separate receivership in another federal court, but by an arrangement ratified by both courts is being run at the risk and for the account of the owner by the receivers of the Seaboard Airline Railway, since the disaffirmance of a lease of it to the Seaboard. The appellants were constructing an eight inch pipe line from Port St. Joe in Florida through Florida and Georgia to Tennessee, and obtained an easement therefor from the owner of the land over which the railroad right of way extended, and asked but were refused by the receivers leave to put the pipe across beneath the track. Conceiving that they had the right to do so, a crew of one hundred men were put to work at night, and over warning and protest then and there made in behalf of the receivers the work was done, the pipe being forced across under the track four and a half feet below the rails but without disturbing the track in any way, and approach ditches three feet deep being dug on each side and then filled up after laying the pipe. Appellants here contend they had a right by virtue of their easement to go across beneath the track without disturbing it; that they have not interfered with the receivers, that this railroad is not indeed within the receivership; that the court erred in admitting evidence by affidavit, and in rejecting evidence that such pipe lines are not a practical danger to the operation of a railroad.

The right to cross under the railroad is not the point in the present proceeding. The proper manner to assert the right is the point. This railroad was known to be in the general possession of these receivers and operated by them under authority of the court which appointed them. Permission to cross was asked of them and denied. They represented their court as its officers. A fundamental principle requires that one who claims a right in or to property held by a receiver must submit his claim to the court. If he wilfully disturbs the receiver's possession by force, though under a claim of right, he is guilty of contempt. Wiswall v. Sampson, 14 How. 52, 53, 14 L.Ed. 322; Ex parte Tyler, 149 U.S. 164, 13 S.Ct. 785, 37 L.Ed. 689. If as appellants assert the use of their easement is consistent with that

of the railroad, the court on due application will order its receivers to permit the pipe to be safely placed, or will direct them to place it if that be preferable. No such request to the court has even yet been made. The District Judge rightly held the course taken to be contemptuous.

■ It is argued that the trial court is without jurisdiction over the matter because the railroad involved is in receivership in another court, and the injuncton order of that court was what was read in protesting the laying of the pipe. The Georgia, Florida and Alabama Railroad at the time of the receivership of the Seaboard Airline Railway was under lease to the Seaboard and passed into the possession of the Seaboard's receivers. The receivership of the Georgia, Florida & Alabama occurred at about the same time, but expressly recognized the lease and directed that possession be not taken of the leased property. Later the Seaboard receivers were ordered to disaffirm the lease as burdensome, but the two courts finally agreed on a plan, established by the order of each, whereby the Seaboard receivers should continue to operate the Georgia, Florida and Alabama Railroad "for its benefit and at its risk" upon a stated basis of accounting, with the right to retain possession for any unpaid losses. We do not think the Seaboard receivers are the mere agents of the other court whose possession is its possession and with whose conduct of the railroad the court which appointed them has no concern. We apprehend that they are wholly under the orders of their own court; perhaps liable to the public for their negligence. The arrangement is an operating agreement between the courts whereby possession is retained by the Seaboard receivers for operating purposes. It may be that both courts ought to be dealt with by appellants in seeking to establish permanently the pipe line; but it is clear that the court actually using and controlling the railroad by its receivers cannot be ignored.

■ It is immaterial that the general injunction attending the Georgia, Florida and Alabama receivership was exhibited to the intruders rather than that attending the Seaboard receivership. It was done in the name and behalf of the Seaboard receivers and to protect their possession. The two injunctions are almost exactly alike. And neither injunction is necessary to the contempt. The knowing and wilful interference with the property in the receivers' possession is enough.

■ It is no answer that the track was not disturbed and no train was stopped, and no actual damage to the railroad done. The court's custody of the property was ignored and its custodians defied in an actual forcible entry upon the property; and guards were set to maintain the result of the entry. The court did not ask too much in requiring the undoing of what was done, leaving the way open for an orderly presentation hereafter of appellants' claim of right.

There is a fact finding that the pipe line is an obstruction and a hazard when gasolene shall be put into it, which is claimed to be unsupported by the evidence except for some ex parte affidavits which were admitted over objection, while evidence was rejected that by a large experience on the Seaboard and elsewhere there was neither inconvenience nor practical danger in such pipe lines under railroads. There is authority for and against the use of affidavits on hearings for civil contempt, but we need not decide their admissibility, because the facts which we have held make the contempt here are admitted or amply proven by testimony. The evidence offered in reply to the affidavits and rejected was apparently excluded because irrelevant. But if irrelevant there ought to have been no finding on the point to which it related. We reject the finding, leaving the question of inconvenience or danger entirely unprejudiced, and hold that irrespective of that there was contempt in invading the property and placing the pipe without consent of the court and over the protest of its officers. Whether the appellants have a right to place the pipe at a distance below the surface proved to be safe which the courts must recognize, or whether in their discretion they ought to permit it, are questions open to enquiry in a proper proceeding. See McMullen v. Hurley, 8 Cir., 291 F. 374; State ex rel. Lloyd v. District Court, 105 Mont. 281, 72 P.2d 1014.

Judgment affirmed.